JOSEPH TAYLOR, JR., *Appellant,* v. LEON PRINE, et al., *Appellees.*

Division A.

Opinion filed February 24, 1931.

968

*Milam, McIlvaine & Milam,* of Jacksonville, for Appellant;

*Burkett & Fish,* of Sarasota, for certain Appellees.

STRUM, C.J.—This is an appeal from an order denying a deficiency decree in the foreclosure of a purchase

money mortgage, the mortgagee-complainant having pur-chased the property at the master's sale. The chancel-lor denied the deficiency decree sought solely upon the ground that the mortgage involved was a purchase-money mortgage.

The entry of a deficiency decree in a mortgage fore-closure rests in the sound judicial discretion of the chan-cellor. Chap. 11993, Acts of 1927, now Sec. 5751, C. G. L. 1927. Exercise of the power to enter such a decree is permissive, not mandatory.

The discretion contemplated by the statute does not consist of the individual will or desire of the chancellor, but is a sound judgment guided by considerations which find support in established equitable principles as applied to the facts of the case under consideration. The inher-ent nature of the function is such that no inflexible rule for its exercise, which would universally apply to all cases, can well be formulated. In exercising the judicial discretion confided to him, the chancellor may properly consider principles other than those which would control the strict legal rights of the parties in law actions. See Fagan v. Robbins, 117 So. 863; Gober v. Braddock, 131 So. 407.

In weighing the equities for the purpose of determin-ing whether the power will be exercised in a given case, the chancellor may take into consideration the fact that the mortgage involved is a purchase money mortgage, and that the mortgagee became the purchaser at the sale. Those facts, however, standing alone, and in the absence of other equitable considerations, are not sufficient grounds upon which to deny the mortgagee-complainant a deficiency decree. A purchase money obligation is en-dowed with no less sanctity than any other obligation,

but the basic purpose of a foreclosure is to subject the security to the payment of the obligation, after which the chancellor may award other relief if merited. Denial of a deficiency decree does not affect the obligation, but pertains only to the remedy for its enforcement.

This court is concerned with the order made, and not with reasons advanced by the chancellor for making it. Even if we disregard the evidence as to the equitable value of the mortgaged land at the time of the foreclosure sale, which evidence was taken in this case subsequent to the confirmation of said sale (See Etter v. State Bank, 76 Fla. 203, 79 So. 724; Jacksonville Loan Co. v. National Mercantile Co., 77 Fla. 825, 82 So. 292), other equitable considerations nevertheless appear in the record which support the chancellor's action in denying a deficiency decree.

It strikingly appears that the mortgagee-complainant bought in at the foreclosure sale for $5,000.00 the same land upon which he accepted a mortgage three years before securing $104,000.00 representing a *part* of the purchase price for which the mortgagee at that time sold the land. The mortgagee therefore re-acquired the land for less than five per cent of the mortgage indebtedness. Meanwhile, and before foreclosure, the debtors had paid $35,000.00 in reduction of the principal, more than one-third thereof. Even though the sum for which the premises were sold at the master's sale fixes the value as between the parties (Etter v. State Bank, *supra*), the matters above stated, when coupled with the further fact that the mortgage involved is a purchase money mortgage, are such that the chancellor's order denying a deficiency decree should not be condemned, upon equitable principles, as an abuse of discretion, even

though the chancellor assigned an insufficient reason for making the order, since such action in nowise affects the obligation, but merely remits the creditor to a court of law to enforce it. See Gober v. Braddock, *supra.*

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur. in the opinion and judgment.