COE-MORTIMER CO. v. F. E. DUSENDSCHON.

152 So. 729.
Division A.
Opinion Filed January 25, 1934.
Petition for Rehearing Denied March 5, 1934.

*W. I. Evans, Thomas McE. Johnston* and *Evans & Mershon,* for Appellant;

*Clifton D. Benson, John C. Sullivan* and *Benjamin E. Carey,* for Appellee.

ELLIS, J.—F. E. Dusendschon brought his bill in chancery in March, 1930, against Coe-Mortimer Company, a corporation, to restrain the company from prosecuting a common law action then pending in the Circuit Court for Dade County, wherein the company was plaintiff and Dusendschon was defendant.

A temporary restraining order was granted prohibiting the company from prosecuting the action and from selling, transferring or otherwise negotiating the notes on which the common law action rested. According to the final decree, the cause, by stipulation between the parties, was submitted to the court for final hearing on the bill and amendments thereto and answer. By that decree the court permanently enjoined the company from prosecuting the common law action. A petition for a rehearing was denied and the company took an appeal from the final decree.

The errors assigned were: the temporary restraining order; overruling the general demurrer to the bill of complaint; overruling demurrers to parts of the bill; denying the motion to dissolve the restraining order, and the entering of the final decree.

The facts upon which the complainant obtained the relief granted, so far as the same are disclosed by the pleadings are substantially as follows: The Coe-Mortimer Company, in October, 1927, exhibited its bill in chancery to enforce a mortgage lien upon certain property in Dade County against Dusendschon and his wife. The principal debt was ten thousand dollars and consisted of part of the purchase price of the land on which the mortgage existed. The debt was evidenced by three promissory notes, the last of which was payable in December, 1928, but the mortgage contained an acceleration clause of which the Coe-Mortimer Company availed itself upon the default of Dusendschon; that while the bill to foreclose was pending, Coe-Mortimer

Company began its action at law in January, 1928, against Dusendschon on the promissory notes, not having prayed for a deficiency decree in the foreclosure proceedings. That action at law was voluntarily dismissed by Coe-Mortimer Company in April, 1929, because Dusendschon had interposed a plea of the pendency of the suit to foreclose, which plea was sustained on demurrer.

The foreclosure proceedings came on for final hearing and a final decree of foreclosure was entered in favor of the Coe-Mortimer Company against Dusendschon and wife in April, 1928, adjudging the indebtedness to be twelve thousand five hundred and ninety-four dollars and seventeen cents, and ordering the property to be sold and the proceeds applied to the payment of the debt. The property was sold by a Master appointed by the Court and the same was bid in by the Coe-Mortimer Company for the sum of six thousand dollars. Dusendschon filed a petition for the confirmation of the report. The Master's sale was confirmed.

Dusendschon alleges that the sale was confirmed because the petition of Coe-Mortimer Company alleged that no deficiency decree had been sought in the foreclosure proceedings. That allegation was denied by Coe-Mortimer Company which avers that it was confirmed because, as the Chancellor recited in his order of confirmation, the "general master has complied in all respects with the provisions of said final decree and with the law in making said sale, and that said sale was fairly and regularly made."

Dusendschon alleges that the Chancellor did not require a showing that the price bid for the property was a fair price as required by local rules because the Coe-Mortimer Company had made it appear that it had prayed for no deficiency decree in foreclosure proceedings. On the 19th day of March, 1929, Coe-Mortimer Company began its

action on the promissory notes to recover the balance due after the application of the proceeds from the foreclosure sale, to which Dusendschon interposed pleas of discharge and satisfaction, release and other defenses.

Dusendschon alleged that the bringing of the second common law action by Coe-Mortimer Company is part of a design to harass and annoy Dusendschon, increase costs and stir up litigation, all of which Coe-Mortimer Company denied in its answer.

No facts exist in this case as disclosed in the foregoing statement, nor in the pleadings which we have examined, that take the case out of the rule that while a deficiency decree may be rendered in the foreclosure suit in equity, still if none is asked for and none is entered the remedy at law for the balance remains and resort to it may be had. See Webber v. Blanc, 39 Fla. 224, text 228, 22 South. Rep. 655; Woodward v. Dishong, 102 Fla. 347, 135 South. Rep. 804, where the rule was recognized.

The complainant in the foreclosure suit was not compelled to submit the adjudication of the matter of a deficiency decree to the court of equity. See Cragin v. Ocean & Lake Realty Co., 101 Fla. 1337, 135 South. Rep. 795, text 797.

When the matter is submitted to the Chancellor in a foreclosure proceeding he may exercise a discretion as contemplated by the statute whether the decree shall be entered, but it is a discretion which must find support in established equitable principles as applied to the facts in the case, as this Court said speaking through Mr. Chief Justice STRUM in Taylor v. Prine, 101 Fla. 967, 132 South. Rep. 464.

While a chancery court may enter a deficiency decree under a prayer for general relief, see Garner v. Slack, 102 Fla. 635, 136 South. Rep. 444, it does not follow that the Chancellor is bound to consider the question whether such

a decree shall be entered, and it is exceedingly doubtful if he has the power to consider the question under the prayer for general relief over the complainant's expressed desire that he does not wish the question considered and is asking for no deficiency decree. It is for the complainant to decide whether he wishes to submit that question to the jurisdiction of the chancery court in the foreclosure proceedings.

The Coe-Mortimer Company did not waive its rights to submit the question of a deficiency decree to the Chancellor under the general prayer for relief by expressly stating in its motion for confirmation of the sale that it was not submitting that question to the court and was not asking the court to exercise its jurisdiction in that regard, nor by such action did it waive its right to proceed at law for the balance due on the notes.

This disposes of the only question presented. It is unnecessary to discuss further points argued in the briefs, because as the Coe-Mortimer Company has the right to bring its action at law for the balance due on the notes, not having precluded itself from so doing by the foreclosure proceeding, nothing else remains to be discussed.

The order appealed from is reversed with instructions to dismiss the bill.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.