BATTLE *v.* BATTJES.

1. MORTGAGES—FORECLOSURE—DEFICIENCY—PLEADING.

Bill to foreclose purchase price mortgage on Florida real estate *held*, to contain prayer for deficiency against mortgagors in case amount realized on foreclosure sale was insufficient to satisfy amount found to be due.

2. SAME—FORECLOSURE—EQUITY—COMMON LAW.

Under the common law no personal judgment could be entered in equity proceedings for foreclosure of a mortgage.

3. SAME—CAUSES OF ACTION.

A real estate mortgage involves two distinct causes of action, one at law on the debt, and the other in equity for foreclosure of the lien.

4. EQUITY—MORTGAGES—FORECLOSURE.

Florida court rule and later statute which conferred on chancery court jurisdiction over legal as well as equitable cause of action for foreclosure of mortgage is in accord with general rule that court of equity, in taking jurisdiction, may end the controversy (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

5. MORTGAGES — FORECLOSURE — DEFICIENCY — EQUITY — ACTION AT LAW.

Florida statute concerning foreclosure of mortgages which gave equity court discretion to enter deficiency decree and to complainant the right to sue for such deficiency at common law *held*, to offer mortgagee an election of remedies (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

6. SAME—FORECLOSURE—EQUITY—DEFICIENCY—FLORIDA.

Under Florida statute, jurisdiction of equity court over prayer for deficiency in mortgage foreclosure proceedings practically converts the legal right of action into an equitable one and court enters decree for whole or such part of the actual deficiency as the equities determine (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

7. SAME—FORECLOSURE—DEFICIENCY—EQUITY.

Pursuant to Florida law, foreclosing mortgagee who prays for deficiency decree in equity is deemed to have elected to deal with legal right of action for the debt as, and incident to, the equitable one of foreclosure (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

8. SAME—DEFICIENCY—ACTION AT LAW—FLORIDA.

In Florida the mortgagee's right of action at law for the debt is preserved to him if he fails to pray for deficiency decree in his bill to foreclose or afterwards makes special application for it, since the court may not then take jurisdiction as to deficiency and enter such decree, or, is restored to him if court, in exercise of its discretion, refuses to take jurisdiction as to deficiency (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

9. SAME—FORECLOSURE—DEFICIENCY—JURISDICTION.

Mortgagee, under Florida law, in foreclosing mortgage in chancery may pray for deficiency in his bill or subsequently, but once having done so surrenders his legal claim for the debt to the court of equity, subjects it to equitable considerations and bars an action at law on the debt until and unless the chancery court shall refuse to take jurisdiction over the deficiency (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

10. SAME—ELECTION OF REMEDIES—WAIVER.

Under Florida law, foreclosing mortgagee who prays deficiency decree against joint mortgagors elects the equity forum for prosecution of his legal action for the debt and, although he may waive the relief so prayed such waiver does not avoid the choice of forum and action at law against joint mortgagee upon whom service of process was constructive and would not support personal decree is, therefore, barred (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

11. SAME—ELECTION OF REMEDIES—WITHDRAWAL OF ELECTION.

Under Florida law, foreclosing mortgagee who prays for deficiency surrenders to jurisdiction of equity the legal right of action for the debt and, if want of personal service affords reason for court's refusal of jurisdiction over deficiency, mortgagee is confined to such relief as court then may afford him from unforeseen and undesired consequences of his elec-

tion, withdrawal of his election not being a matter of right (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

12. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

On appeal from denial by commissioners on claims of claim against estate of joint mortgagor for amount representing deficiency upon foreclosure of mortgage in Florida in which suit deficiency was prayed and decedent served only by constructive notice, effect of closing case with or without personal decree as to other joint mortgagor is not considered where suggestion that Florida case has been closed and dismissed under a ''no progress'' statute is not supported by the record.

13. MORTGAGES—FORECLOSURE—DEFICIENCY—ACTION AT LAW.

In equity foreclosure suit in Florida, entry of formal decree accepting and retaining jurisdiction as to deficiency bars right of action at law for deficiency against either joint mortgagor since such right at law has not been restored to plaintiff (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

14. ABATEMENT AND REVIVAL—MORTGAGES—ELECTION OF REMEDIES —JURISDICTION.

Mortgagee's election to pray for deficiency in equity foreclosure suit in Florida is an election of both remedy and forum vesting Florida court with exclusive jurisdiction as to the legal claim until disposition thereof has been made and precluding inconsistent action at law in another court, especially one in Michigan which has no power to adjudicate cause of action at law for debt or deficiency on an equitable basis; hence rule that when courts in different States have concurrent jurisdiction over a cause of action, suit pending in one does not bar or abate action in the other until final judgment is inapplicable (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

15. ELECTION OF REMEDIES—CONSISTENT AND INCONSISTENT REMEDIES.

No election of consistent remedies occurs until judgment is entered or satisfaction had, but election of inconsistent remedies, barring subsequent action, occurs on institution of suit or other unequivocal act.

16. SAME—MORTGAGES—ACTION FOR DEBT—FLORIDA.

Remedies of Florida mortgagee as to action at law for the debt are inconsistent (1) because statute compels election to sue at law or in equity and subjects claim in latter court to equitable considerations, (2) because court of that State holds election to proceed for deficiency in equity bars an action at law, and (3) because remedy at law is for a sum certain to which plaintiff has an absolute right while in equity relief is based not alone upon legal rights but also, and principally upon, equitable considerations (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

17. SAME—CONCURRENT JURISDICTION.

Florida and Michigan courts *held*, not to have concurrent jurisdiction over mortgagee's action for debt after his election to proceed therefor by way of prayer for deficiency in equitable foreclosure proceedings in Florida since he thereby vested that court with exclusive jurisdiction over the debt and Michigan *courts of law* cannot adjudicate the cause of action on the debt or deficiency upon an *equitable basis* (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

18. SAME—MORTGAGES—MISTAKE OF REMEDIES—SERVICE OF PROCESS —FAILURE OF REMEDIES.

Since both legal and equitable remedies were open to Florida mortgagees to collect the debt, each fully effective in its own way and on its own principles, when they elected to pray for deficiency in equity foreclosure in Florida, fact that service was not had on joint mortgagor, resident of another State, sufficient to support personal judgment did not result in a mistake of remedy nor, until such foreclosure case is closed, can it be said the election has resulted in a failure of remedies (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

19. SAME—MORTGAGES—FORECLOSURE.

Mortgagees who submit their entire foreclosure case to court of equity in one State cannot maintain an inconsistent action at law on the debt in another court.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 24, 1935. (Docket No. 42, Calendar No. 38,571.) Decided January 6, 1936.

Socrates P. Battle and wife presented their claim in the probate court against the estate of Nicholas H. Battjes, deceased. Claim disallowed. Plaintiffs appealed to circuit court. Claim disallowed. Plaintiffs appeal. Affirmed.

*Butterfield, Keeney & Amberg* (*Terry Gibson,* of counsel), for plaintiffs.

*Benn M. Corwin* and *Leon W. Harrington,* for defendant.

FEAD, J. November 9, 1925, H. A. Weatherby and N. H. Battjes purchased real estate in Florida from plaintiffs for $100,000, paying $20,000 down and giving notes for $80,000, secured by a purchase price mortgage on the premises. The mortgage was recorded April 22, 1926.

December 29, 1926, Battjes and wife, by quitclaim deed, conveyed their undivided one-half interest in the premises to Leo B. Dice.

April 20, 1927, plaintiff filed a bill for foreclosure in circuit court in chancery in Florida against Weatherby, Battjes, Dice and their wives. The bill prayed:

"That the defendants, H. A. Weatherby and N. H. Battjes, may be decreed to pay the sum so found upon said accounting to be due to your orators, together with all costs of this proceeding, within a short day to be fixed by the court in the final decree herein; * * * that if, in the event of such sale, said real property should sell for less than the amount so found to be due to your orators as aforesaid, then your orators may have an appropriate money decree for the deficiency; and that your orators may have such other and further relief as equity may require and to the court may seem meet."

Personal service of summons was had on Weatherby and wife and substituted service by publication and mail on the other defendants. Battjes and wife were permanent residents of Grand Rapids, Michigan.

June 6th, orders *pro confesso* were entered and, on June 18th, decree of foreclosure was granted for $90,911.28. The property was sold on July 4th to Bertha S. Battle, plaintiff herein, for $20,000, and, on September 23d, decree confirming sale, barring interest and equity of redemption of all defendants, and disposing of fund, was entered with the further provision:

"Ordered, adjudged and decreed that this court retain jurisdiction of this cause for the purpose of considering complainants' application for a deficiency decree and of determining whether any money decree for deficiency shall be entered."

Obviously, this had reference to the prayer in the bill as no other application for deficiency decree had been filed.

October 20th plaintiffs served notice on Weatherby that they would move for deficiency decree against him. Weatherby filed objections, on equitable grounds, to deficiency decree. No further action was taken by anyone in the Florida court.

Battjes died in Grand Rapids May 28, 1933. November 20, 1933, plaintiffs filed in probate court proof of claim against the estate of Battjes for about $107,000, representing the difference between the principal sum of the mortgage, with additions, and the foreclosure sale price of $20,000. The claim was disallowed in probate court and on appeal in circuit court.

The controlling issue is as to the effect of the foreclosure suit in Florida upon plaintiffs' right to main-

tain an action at law for the deficiency, in view of the prayer for deficiency in the foreclosure bill and the present incompleted status of the case.

We discover no uncertainty in the prayer. Upon any fair construction, it prayed deficiency decree against both Weatherby and Battjes.

Florida is a common-law State. Under the common law no deficiency personal judgment could be entered in equity proceedings for foreclosure of a mortgage. For a time jurisdiction to enter such decree was exercised by the Florida courts of chancery by virtue of a court rule. In 1927 (chap. 11993, § 1, Acts 1927), however, substantial changes were made by statute in the practice and its effect. The act, 3 Florida, 1927, Comp. Gen. Laws, § 5751, reads:

"In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency."

In 1929 the act was amended by adding the following proviso:

"Provided no suit at law to recover such deficiency shall be maintained against the original mortgagor or mortgagors in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor, or mortgagors." 1 Florida, 1929, Gen. Laws, chap. 13625.

In *Cragin* v. *Ocean & Lake Realty Co.* (1931), 101 Fla. 1324 (133 South. 569), rehearing, 101 Fla. 1337 (135 South. 795), in which both the execution of the mortgage and the filing of the bill of foreclosure

antedated similar events at bar, the court thought the whole statute applicable to pending cases. However, it held that while the amendment of 1929 affected the construction of the act of 1927, as related to nonpurchase price mortgages, it was immaterial whether the original or amended act was applied to purchase price mortgages because the effect would be the same in either event.

In construing and applying the statute, the supreme court of Florida recognizes that a real estate mortgage involves two distinct causes of action—one at law on the debt—and the other in equity for foreclosure of the lien. It holds that both the former rule and the statute conferred on courts of equity jurisdiction over the legal as well as the equitable cause of action in order that, in accord with the general rule, equity, taking jurisdiction, may end the controversy.

The statute, however, is broader than the rule. It does not afford the mortgagee merely the choice of a convenient forum, as between two courts of concurrent jurisdiction, in which to seek personal judgment on the debt. On the contrary, it offers him an election of remedies. In the *Cragin Case, supra,* page 1347 (on rehearing), the court said:

"It is true that chapter 11993, laws of 1927, after providing for the entry of deficiency decrees also says that 'the complainant shall also have the right to sue at common law to recover such deficiency.' But this means that he has an election of remedies; he may obtain a deficiency decree in the mortgage foreclosure, or he may sue at law to recover such deficiency."

The significance of this language is better appreciated when the character of the equity jurisdiction under the statute is realized. The jurisdiction conferred on the court of equity is not merely to adju-

dicate and enforce the cause of action on the debt as a legal right of action and to enter deficiency decree upon a mathematical computation of the difference between the debt and the sale price of the premises on foreclosure. The jurisdiction is equitable, the legal right of action for deficiency becomes practically converted into an equitable cause of action, and the court enters decree for the whole or such part of the actual deficiency as the equities determine. *Taylor* v. *Prine* (1931), 101 Fla. 967 (132 South. 464); *Atlantic Shores Corp.* v. *Zetterlund* (1931), 103 Fla. 761, 770 (138 South. 50). In the latter case the court said:

"Thus we see that in foreclosing a mortgage, the mortgagee when proceeding against the mortgagor as one personally liable for the debt, and asking for a deficiency judgment in addition to a decree of foreclosure and sale of the mortgaged property, is deemed to have elected to invoke the exercise of the powers of a court of chancery to deal with a purely legal claim as, and incident to, the equitable one of foreclosure, and when complainant so elects to proceed in a court of equity for the recovery of his legal demand, he is deemed to have acquiesced that his legal claim shall be considered and disposed of not merely on purely legal principles only, but also upon equitable principles as well, which equitable principles when applied to the particular facts and circumstances may cause the chancellor not to award any deficiency judgment at all because to do so would be wholly *inequitable,* or if one *is* awarded, may cause him to materially reduce the amount of same on *equitable principles,* as, for example, was done in *Cragin* v. *Ocean & Lake Realty Company* where the deficiency was allowed for only $50,000 whereas its actual amount was $900,000."

The election by the mortgagee is wholly voluntary. He may have foreclosure with or without deficiency

decree, as he chooses. Unless he prays for deficiency decree in his bill, or afterwards makes special application for it, the court of equity may not take jurisdiction over the deficiency and enter such decree, but the mortgagee retains his legal right of action on the debt. *Coe-Mortimer Co.* v. *Dusendschon,* 113 Fla. 818 (152 South. 729).

Also, although the mortgagee prays for deficiency decree, the court of equity, in the exercise of discretion, may refuse to take jurisdiction over the debt or deficiency, whereupon the right of action at law is restored to the mortgagee. The only complication in this statement is with reference to the effect of denial of decree. In *Gober* v. *Braddock* (1930), 100 Fla. 1406 (131 South. 407), it was held that, where an application for a deficiency decree is denied, the mortgagee may sue at law. The *Gober Case,* in this respect, seems to be out of step with the later decisions herein cited. Perhaps the difference is in the form of denial, because in the *Cragin Case, supra,* p. 1345, the court, in discussing the *Gober Case,* thought mere denial of decree might well be deemed declination to exercise jurisdiction over the deficiency. The cases hereafter cited treat denial of decree as a decree under the prayer and a bar to suit at law rather than as a refusal to take jurisdiction. However, as the apparent conflict is not important to our issue, it needs no further discussion.

The election may be made in the bill of complaint or by later application, and, when made, fixes the equity jurisdiction over the legal cause of action. If the mortgagee prays for deficiency decree in his bill of foreclosure, he makes a binding election, which surrenders his legal cause of action on the debt to the court of equity, subjects it to equitable considerations and prohibits his maintaining an action at law on the debt (even though he makes no subsequent

application for personal decree) until and unless the court shall refuse to take jurisdiction over the deficiency.

In *Provost* v. *Swinson* (1933), 109 Fla. 42, 50 (146 South. 641), in sustaining a plea of abatement in action at law upon the debt, on the ground of pending suit in chancery to foreclose the mortgage, with prayer for deficiency decree, the court summed up as follows:

"When the complainant filed his bill in equity to foreclose the mortgage and therein prayed for a deficiency decree, he elected that forum in which to have his right adjudicated and became bound by that choice. He was not compelled to invoke the jurisdiction of the chancery court for a deficiency decree having the force and effect of a judgment; but, having done so, he precluded himself from invoking the same or any other jurisdiction to enforce the payment of the claim upon which he sought that decree, at least until such time as the chancellor had determined whether or not he would assume to exercise the jurisdiction of determining whether or not a deficiency decree should be entered; and, if the chancellor in due course should assume jurisdiction to determine that issue and should hold that the complainant was not entitled to a deficiency decree in any amount the complainant would be barred by such decree from attempting to enforce his claim in any other jurisdiction. Or, if the chancellor, assuming jurisdiction to determine that matter, should grant a deficiency decree in any amount, the parties would be bound by that decree, unless it should be réversed on appeal."

In *Belle Mead Development Corp.* v. *Reed* (1934), 114 Fla. 300 (153 South. 843), in action at law upon the debt, defendant had judgment upon plea that plaintiff had foreclosed the mortgage in chancery, had prayed for deficiency decree in its bill, had made

application for a deficiency decree and the chancellor had refused it. The question presented to the supreme court by the plaintiff assumed that the mortgagee had made no special application to the equity court to adjudicate a deficiency but had refrained from invoking the jurisdiction in that regard. After noting that the question departed from the facts in this respect, the court, in affirming the judgment, answered the question as propounded and said:

"However, it (difference between facts and question) is unimportant as the court is of the opinion that the prayer for the deficiency decree was a submission of the question to the jurisdiction of the chancery court. * * *

"In the case at bar there was a special prayer for affirmative relief in that particular. The complainant thereby elected that forum in which to have its rights adjudicated and became bound by the choice.

"After specifically praying for a deficiency the complainant may waive the relief prayed for in that regard but it does not avoid the choice of the forum by not applying for the deficiency decree. * * *

"Such course (later failure to ask for the decree) may be a waiver of the decree but not a waiver of the choice of a forum which was made when the bill was filed containing the special prayer."

In the above cases personal service of process was had on the mortgagors. Plaintiffs contend that, because the service on Battjes was constructive and would not support a personal decree against him for deficiency, their election of remedies necessarily became inoperative and the right to sue him at law on the debt was restored to them. This contention would permit the mortgagee to hold, in separate suit at law, an unserved joint mortgagor defendant in equity for the full deficiency while his fellow joint

mortgagor, personally served in equity, might be charged with only a part or none of it by the court, although the mortgagors have identical legal obligations and inseparable equities, and the mortgagee elected to submit his claim for deficiency to equitable adjudication. We think such possibility too unreasonable to have been within the contemplation of the legislature. Nor is it a natural sequence of the rulings of the court.

Because the election may be made, and is complete on filing a bill of complaint praying deficiency decree, before process is issued or can be served, the logic of the decisions, carried only to the boundaries of this case, is that the mortgagee, by such prayer and consequent election of remedy and forum, surrenders to the jurisdiction of equity the *res*—the debt—and the legal right of action thereon, and they remain imprisoned until the court, by final decree closing the case or otherwise, shall free them by rejecting jurisdiction over the deficiency. Want of personal service may afford a reason for the court refusing the jurisdiction, on its own motion or on application of the mortgagee, but neither statute nor the cases nor their reasoning indicate a right in the mortgagee to withdraw his election, once made, merely because, at any time prior to closing the case, personal decree against the mortgagor cannot be entered, nor, indeed, for any other reason. Nor is the practice rendered incongruous thereby. Until final decree, there is always the possibility that a defendant may be brought into the case by personal service or voluntary appearance so that personal decree may be entered against him. The situation is of the mortgagee's own making and, if unforeseen and undesired consequences ensue from the election, his obvious remedy is to move the court for relief.

It is suggested that the case has been closed and dismissed under a "no progress" statute. The record does not so show and we must take the case as we find it. We express no opinion upon the effect upon Battjes' liability in the event the case had been closed, with or without personal decree as to Weatherby.

The difficulty with plaintiffs' position at this time is that they have not only elected their forum and remedy for deficiency in equity but the court, by a formal decree, has accepted and still retains the jurisdiction. As the record stands, it seems plain that their legal right of action on the debt had not been restored to them and they could not maintain a suit at law in Florida for the deficiency against either defendant.

Can they sue at law in another State? Plaintiffs invoke the rule that, when courts in different States have concurrent jurisdiction over a cause of action, suit pending in one does not bar or abate action in the other until final judgment is entered. *McKey* v. *Swenson,* 232 Mich. 505. The rule does not aid plaintiffs because they have made an election, both of remedy and of forum.

Where remedies are consistent with each other, no election occurs until judgment is entered or satisfaction had. But when the remedies are inconsistent, election occurs on institution of suit or other unequivocal act and bars subsequent action. *Humiston, Keeling & Co.* v. *Bridgman,* 195 Mich. 82; *Noto* v. *Acme Truck Sales & Service Co.,* 270 Mich. 394; 20 C. J. p. 29.

In *Carpenter* v. *Meachem,* 111 Wis. 60 (86 N. W. 552), relied on by plaintiffs, the remedies at law and in equity were "upon the same cause of action" and were held not inconsistent because "both affirm and

seek to enforce the written contract upon the same grounds.''

At bar, plaintiffs made an election between inconsistent remedies, so intended by the legislature because the statute compels an election, so treated by the Florida court because it holds the election of remedy in equity bars suit at law, and so in fact because the action at law involves the absolute and legal right to a judgment for a specific sum found by computation, while relief in equity involves a wholly uncertain sum, resting not alone upon legal rights but also, and principally upon, equitable considerations.

Moreover, it cannot be said that the courts have concurrent jurisdiction over the cause of action, because the court of equity in Florida has been vested with exclusive jurisdiction over the debt and also because the courts of law of this State have not the power to adjudicate a cause of action on the debt or deficiency upon an equitable basis.

The fact that service was not had on Battjes or his representative to support a personal judgment does not result in a mistake of remedy. Both legal and equitable remedies were open to plaintiffs when they made the election, each fully effective in its own way and on its own principles. Nor can it be said that the election has resulted in a failure of remedies at least until the foreclosure case is closed.

Having made a binding election of remedy and forum in the Florida court, plaintiffs cannot maintain an inconsistent action at law on the debt in another court. As the case is presented, this ruling is determinative and other points need not be discussed.

Judgment affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.