MILO O. COFFRIN, v. CHARLES FREDERICK SAYLES.

175 So. 236.
Opinion Filed June 15, 1937.

*Stapp, Gourley, Ward & Ward* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Edward E. Fleming* and *A. Judson Hill,* for Defendant in Error.

BROWN, J.—Briefly stated, the question here presented is whether, after mortgage foreclosure proceedings in equity, brought subsequent to the adoption of the 1931 Chancery Act, in which proceeding no deficiency decree was prayed for nor granted, the plaintiff can sue at law for the balance due on the promissory note, which the mortgage was given to secure, for the balance remaining due after crediting thereon the proceeds of the foreclosure sale.

Defendant in error, Charles Frederick Sayles, in January, 1927, loaned plaintiff in error, Milo O. Coffrin, the sum of $8,000.00, for which amount Coffrin gave Sayles his promissory note, payable three years after date, to secure the payment of which, with 8 per cent interest thereon, Coffrin and his wife executed and delivered to Sayles a mortgage upon certain real estate situated in Dade County, Florida. The note was not paid when due, and several years later, in January, 1934, Sayles brought foreclosure proceedings against Coffrin and wife, alleging defaults in payment of

both principal and interest. In his bill, he did not pray for any deficiency decree, but there was a prayer for general relief. The defendants answered the bill, and upon final hearing on pleadings and proof, a final decree of foreclosure was rendered. After foreclosure sale, at which the property was sold for $5,000.00, plaintiff Sayles moved for confirmation of the sale. In this motion for confirmation, plaintiff stated that he had not prayed for a deficiency decree, and moved the court to refrain from entering a decree for deficiency against any of the parties defendant, but did ask the Court to enter an order directing the clerk to withdraw from the files in the case the original promissory note and deliver same to the plaintiff. An order of confirmation was rendered pursuant to this motion, in May, 1934, and the note delivered to the plaintiff in the foreclosure proceedings.

Several months later, in November, 1934, Sayles brought suit at law against Coffrin for the balance due on the note after crediting thereon the amount realized from said foreclosure sale. Defendant Coffrin filed a plea setting forth what had transpired in the foreclosure proceedings above referred to and alleging that by reason thereof the plaintiff was barred and estopped from suing at law for the balance due on the note. The plea alleged that the prayer for general relief contained in the bill for foreclosure (and it is argued that section 28 of the 1931 Chancery Act had the same effect) vested the chancery court with jurisdiction to adjudicate, determine and enter a deficiency decree, and that inasmuch as this matter might or could have been litigated in the foreclosure proceeding in equity, and the plaintiff having gone into that forum, he was now precluded and estopped from suing at law for the balance due on the note.

The court sustained a demurrer to this plea, and the

defendant declining to plead further, default was entered against him, and final judgment was rendered in favor of the plaintiff. To this judgment, defendant sued out this writ of error.

We find no error in the rulings of the Circuit Court.

Originally, under equity practice, no deficiency decrees in foreclosure cases were granted. They, and the right to them, are creatures of statute or rules of Court, a species of special equitable jurisdiction. And their rendition is not compulsory, but rests in the sound judicial discretion of the chancellor. "The primary purpose of a bill in equity to foreclose a mortgage is now, as from the beginning, to subject the security to the payment of the debt secured." Mabson, v. Christ, 96 Fla. 756, 119 So. 131. This power to render deficiency decrees — money judgments, was formerly exercised under Rule 89 of our Florida Rules in Equity Actions, which rule was adopted by this Court in 1873, following closely the language of the Federal rule on that subject adopted by the Supreme Court of the United States in 1864. Etter v. State Bank, 76 Fla. 203, 79 So. 724; Webber, v. Blanc, 39 So. 224, 22 So. 655. Commencing with the year 1919, several statutes have been adopted in this State dealing with this subject.

As early as the case of Webber v. Blanc, *supra,* this court has held that, "While a deficiency decree may be rendered in a foreclosure suit in equity, still if none is asked for, and none is entered, the remedy at law for the balance remains, and resort to it may be had."

In Cragin v. Ocean & Lake Realty Co., 101 Fla. 1325, 133 So. 569, this Court held that if the complainant in foreclosure "desires to stand on his right in a suit at law to recover any deficiency that may exist after foreclosure, he may do so, but in such cases he should in his foreclosure proceedings refrain from submitting the adjudication of

that question to the equity Court." That is exactly what the plaintiff below, in this case did do, and he retained his right to sue at law, unless it be held that by his prayer for general relief, or by the effect of Section 28 of the 1931 Chancery Act, this right, as plaintiff in error contends, was taken away from him. In the above cited Cragin case, on rehearing, 101 Fla. 1337, 135 So. 795, this Court held that the exercise of the chancery court's jurisdiction in this regard was permissive but not mandatory and that plaintiffs in that case, when they filed their foreclosure proceedings, had their election to either apply to the equity Court to grant them a deficiency decree, in case a deficiency should exist after foreclosure sale, or they could have refrained from *invoking* the jurisdiction of equity in this regard, and could thus have retained their right to sue at law for any balance due on the notes after applying the proceeds of the foreclosure. See also Voorhis v. Crutcher, 98 Fla. 259, 123 Fla. 742; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50; Taylor v. Prine, 101 Fla. 967, 132 So. 464; Woodward v. Bishong, 102 Fla. 347, 135 So. 804.

In Coe-Mortimer Co. v. Dusendschon, 113 Fla. 818, 152 So. 729, we held that the plaintiff in a foreclosure suit need not submit the adjudication of the matter of a deficiency and a decree therefor to the chancellor's determination, but may bring an action at law for such deficiency; that where plaintiff's bill for foreclosure prayed for general relief, but plaintiff expressly stated, on his motion for confirmation of sale, that he was not submitting the question of a deficiency decree to the chancery court, he was not precluded from thereafter bringing an action at law for the deficiency remaining after the foreclosure sale.

In Belle Mead Dev. Corp. v. Reed, 114 Fla. 300, 153 So. 843, the opinion in which case, like that in the Coe-Mortimer case, was written by the present Chief Justice, it was held

that if, in a bill to foreclose a mortgage, the plaintiff expressly prays for a deficiency decree, he thereby elects the equity forum for the adjudication of his rights in that regard and becomes bound by that choice; and that although no deficiency decree was subsequently applied for and none was rendered, having made his election, he could not thereafter sue at law on the notes.

But here the complainant in foreclosure did not pray for a deficiency decree, nor did he subsequently apply for one. So he clearly retained his right to sue at law for the deficiency which developed after foreclosure.

We have also held that although a bill for foreclosure does not contain a prayer for a deficiency decree, but does contain a prayer for general relief, a deficiency decree may be entered upon motion or other appropriate pleading filed after confirmation of sale, and notice given to defendant, giving defendant an opportunity to be heard and to contest the motion. Garnes v. Slack, 112 Fla. 553, 150 So. 750. In other words, the jurisdiction of equity to grant a deficiency decree *must be invoked,* either by express prayer in the bill, or by subsequent appropriate pleading or motion, upon which the defendant must be given notice and an opportunity to be heard; and if neither is done, the equity court should not adjudicate the question of a deficiency, but leave the complainant free to sue therefor at law if he so desires.

As was well said by Mr. Justice DAVIS in Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50:

"Thus we see that in foreclosing a mortgage, the mortgagee when proceeding against the mortgagor as one personally liable for the debt, and asking for a deficiency judgment in addition to a decree of foreclosure and sale of the mortgaged property, is deemed to have elected to invoke the exercise of the powers of a court of chancery to deal

.with a purely legal claim as and incident to the equitable one of foreclosure, and when complainant so elects to proceed in a court of equity for the recovery of his legal demand, he is deemed to have acquiesced that his legal claim shall be considered and disposed of not merely on purely legal principles only, but also upon equitable principles as well, which equitable principles when applied to the particular facts and circumstances may cause the chancellor not to award any deficiency judgment at all because to do so would be wholly *inequitable,* or if one *is* awarded, may cause him to materially reduce the amount of same on *equitable* principles, as, for example, was done in Cragin v. Ocean & Lake Realty Company where the deficiency was allowed for only $50,000.00 whereas its actual amount was $900,000.00."

But plaintiff in error contends that all these decisions were rendered in cases arising before Section 28 of the 1931 Chancery Act became effective, and the effect of that rule is to compel every complainant to pray for general relief, and thus submit all questions that were raised or could have been raised to the jursidiction of the equity court, including the granting, or not granting, of a deficiency decree; and that the jurisdictoin of the subject matter thus vested cannot be taken away by any act of the parties.

At the time the foregoing decisions were rendered it was customary to include, in addition to the prayer for specific relief, a prayer for general relief in practically all bills in equity. The Rule referred to merely provides that a bill in equity shall contain, among other things, "a statement of and prayer for any special relief pending the suit or on final hearing, which may be stated and sought in alternative forms," and that, "Every bill of complaint shall be considered to pray for general relief." So it is no longer necessary to include a prayer for general relief.

The bill in this case actually did pray for general relief, so there was no need to invoke this statute. But even if the statute need be considered here, it does not require any departure from the principles settled in our numerous former decisions above cited. These Florida decisions are carefully reviewed in an interesting opinion in a Michigan case cited by plaintiff in error: Battle v. Battjes, 264 N.W. 367. It was not the intention or effect of Section 28 of the 1931 Chancery Act to require any and all mortgagees going into equity (as they must do) to foreclose their mortgages to submit to the chancery court the matter of the entry or refusal of a deficiency decree, in case a deficiency should develop, whether they wanted to invoke that special power of the equity court or not. That construction would mean that whenever a mortgagee forecloses a mortgage, although he asks for no deficiency decree, he will be deemed to have asked for it, with the result that he absolutely loses his right to sue at law for any balance that may be due on the notes after applying the proceeds of the foreclosure. And as to contracts like the one here involved, made before the enactment of the 1931 Chancery Act, such a construction might mean that the section of the 1931 Chancery Act referred to impaired the obligation of the contract. See the opinion on rehearing in the Cragin case, 101 Fla. 1337, 135 So. 795. But we need not decide that particular question here.

In the case of Provost v. Swinson, 109 Fla. 43, 146 So. 641, this court, speaking through Mr. Justice BUFORD, said:

"When the complainant filed his bill in equity to foreclose the mortgage and therein prayed for a deficiency decree, he elected that forum in which to have his right adjudicated and became bound by that choice. He was not *compelled to invoke the jurisdiction of the Chancery Court for a deficiency decree having the force and effect of a judgment,*

but having done so, he precluded himself from *invoking the same or any other jurisdiction to enforce the payment of the claim* upon which he sought that decree, at least until such time as the chancellor had determined whether or not he would assume to exercise the jurisdiction of determining whether or not a deficiency decree should be entered; and, if the chancellor in due course, should assume jurisdiction to determine that issue and should hold that the complainant was not entitled to a deficiency decree in any amount the complainant would be barred by such decree from attempting to enforce his claim in any other jurisdiction. Or, if the chancellor, assuming jurisdiction to determine that matter, should grant a deficiency decree in any amount, the parties would be bound 'by that decree, unless it should be reversed on appeal." (Italics supplied.)

The contention of plaintiff in error is ingenious, but untenable. Both sides of the question have been ably argued here, orally and by briefs. Plaintiff in error loses sight of the fact that the abstract or potential jurisdiction of a court of chancery is very broad, covering a multitude of subjects, but that vast jurisdiction cannot, either in whole or in part, be exercised by the court on its own initiative; it must, in each particular case, first be lawfully *invoked* and called into action by the party or parties. Until thus called into action by some suitor, it remains at rest. Lovett v. Lovett, 93 Fla. 611, 112 So. 768. And we have held that this special jurisdiction of chancery courts to render money judgments in mortgage foreclosure cases must be *specifically invoked,* either by a special prayer for a deficiency decree in the bill, or by subsequent appropriate and seasonable pleading or motion in the cause; and that if not thus invoked, and no deficiency decree is rendered, there is no such *res judicata* as will prevent the plaintiff in the foreclosure cause from afterward suing at

law for the balance due on the notes which the mortgage was executed to secure. We adhere to these principles.

The result is that the judgment below is

Affirmed.

ELLIS, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.