BATTLE *v.* BATTJES.

1. MORTGAGES—FLORIDA—EQUITY—JURISDICTION AS TO DEFICIENCY.
   Under Florida statute a Florida court in mortgage foreclosure proceedings in equity has power to retain jurisdiction to consider a mortgagee's application for deficiency decree and make determination thereon (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

2. SAME—FLORIDA—DEFICIENCY—ELECTION OF REMEDIES.
   Mortgagees who foreclosed mortgage in equity in Florida by seeking deficiency therein made an irrevocable election of remedy for recovery of the deficiency, were not absolved from such election by the granting of their motion to dismiss application for deficiency and could not then obtain deficiency against estate of deceased Michigan comortgagor who had been brought into Florida suit by way of substituted service but had not appeared therein (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

3. SAME—FLORIDA—ELECTION WITHOUT REMEDY AS TO NONRESIDENT COMORTGAGOR.
   Fact that in Florida mortgage foreclosure suit in equity, mortgagees in seeking deficiency made an election which was without remedy in respect to nonresident comortgagor in Michigan, brought into case by way of substituted service but who made no appearance therein, did not prevent such election from being final so as to prevent recovery from such nonresident comortgagor's estate in Michigan (3 Comp. Gen. Laws Florida 1927, § 5751, as amended by 1 Gen. Laws 1929, chap. 13625).

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 17, 1937. (Docket No. 38, Calendar No. 39,518.) Decided December 29, 1937.

Socrates P. Battle and wife presented their claim in the probate court against the estate of Nicholas H. Battjes, deceased. Claim disallowed. Plaintiffs

appealed to circuit court. Claim disallowed. Plaintiffs appeal. Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiffs.

*Corwin & Corwin (Leon W. Harrington,* of counsel), for defendant.

WIEST, J.   Plaintiffs foreclosed, in equity, a mortgage in the State of Florida and elected to have decree for deficiency, if any. Foreclosure was decreed, sale had and, upon confirmation, the court—"ordered, adjudged and decreed that this court retain jurisdiction of this cause for the purpose of considering complainants' application for a deficiency decree and of determining whether any money decree for deficiency shall be entered."

The mortgage was given for the purchase price of the property, and the purchase at the sale having been made by the original mortgagees, the mentioned order expressed the power of the Florida court in the premises. See 3 Comp. Gen. Laws Florida 1927, § 5751, as amended by chap. 13625, Gen. Laws Florida 1929.

Upon the foot of the decree, confirming the sale and report of deficiency, plaintiffs gave notice that application would be made for a deficiency decree against one of the mortgagors, who was a resident of Florida and had a resident attorney.

Nicholas Battjes, one of the mortgagors, was a resident of the State of Michigan, was made a party defendant in the suit to foreclose the mortgage, and he and his wife were summoned by order of publication. After the sale Mr. Battjes died and plaintiffs presented a claim in this State against his estate for the mortgage deficiency and it was disallowed in the probate, circuit, and this court for reasons fully stated in *Battle* v. *Battjes,* 274 Mich. 267. There-

after, plaintiffs moved the Florida court to dismiss the application for a deficiency decree, and the court entered an order to such effect, without prejudice to an action at law.

Later plaintiffs applied for and were granted an amended order, stating—"that jurisdiction has never been obtained by this court to enter a deficiency decree against the defendants N. H. Battjes and Helen Battjes, his wife," and dismissed plaintiffs' application for deficiency decree against Battjes' comortgagor "without prejudice as to the plaintiffs' rights to resort to an action at law against any or all of the defendants to recover any balance which may be due upon the covenants of the mortgage foreclosed in such proceedings."

Thereupon, evidently thinking such action in accord with the holding of this court, plaintiffs again presented their claim for deficiency against the Battjes' estate and again it was disallowed in the probate and circuit courts, and plaintiffs review by appeal.

The circuit judge thought the former opinion of this court was decisive and that plaintiffs, having elected to have the deficiency adjudged in the Florida foreclosure proceedings, where the law of that state accorded full jurisdiction over the subject-matter and disposition according to equitable principles, that such jurisdiction, having once been invoked as against one of the mortgagors, was not subject to waiver as attempted but, having once vested, estopped withdrawal.

We said in the case when it was here before, p. 277:

"The election may be made in the bill of complaint or by later application, and, when made, fixes the equity jurisdiction over the legal cause of action. If the mortgagee prays for deficiency decree in his

bill of foreclosure, he makes a binding election, which surrenders his legal cause of action on the debt to the court of equity, subjects it to equitable considerations and prohibits his maintaining an action at law on the debt (even though he makes no subsequent application for personal decree) until and unless the court shall refuse to take jurisdiction over the deficiency."

Plaintiffs not only asked for a deficiency decree in the bill of foreclosure but, after sale, applied to the court for deficiency decree but without any action thereon until the dismissal above mentioned.

Later, in the mentioned opinion, p. 279, we said:

"Want of personal service may afford a reason for the court refusing the jurisdiction, on its own motion or on application of the mortgagee, but neither statute nor the cases. nor their reasoning indicate a right in the mortgagee to withdraw his election, once made, merely because at any time prior to closing the case, personal decree against the mortgagor cannot be entered, nor, indeed, for any other reason."

Plaintiffs claim that when the case was here before we decided only the single issue, that the pendency of the Florida suit at the time the first claim was presented prevented maintenance of the suit in Michigan "at least until the foreclosure case is closed."

Counsel differ upon the scope of our previous holding.

In behalf of plaintiffs it is claimed that we did no more than find a removable bar, and removal thereof now presents a new case; while in behalf of defendant, it is claimed that we adjudged estoppel by election and, therefore, there has been former adjudication.

The Florida court did not, on its own motion, decline to entertain jurisdiction over the application for deficiency but dismissed the application on motion of plaintiffs.

Plaintiffs made an irrevocable election of remedy for recovery of the deficiency and were not absolved from such election by the granting of their motion to dismiss their application. But, it is said, that substituted service was made upon Mr. Battjes, a resident of this State, and as he did not enter an appearance there could be no personal decree against him for a deficiency. This invocation of elementary law comes too late. The election made was one without remedy against Mr. Battjes, but with remedy against his comortgagor, who was personally served with process and notice of the application for a deficiency decree and who was a resident of the state of Florida. True, the mortgage debt was joint and several but the election, in point of law, though in a proceeding against one, must be considered for the deficiency, and after seeking what could have been obtained against one of the mortgagors, the ground of relief against the nonresident mortgagor was lost and could not be regained by re-election of remedy or by court dismissal, under application of plaintiffs, of the proceeding seeking a deficiency decree against the resident mortgagor.

The instance at bar is not one of a bald mistake as to remedy but an authorized election under the laws of the State of Florida, and plaintiffs have not been absolved from the effect of such election by asking the court in Florida to dismiss their application for a deficiency and relieve them from the consequences thereof.

Judgment is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.