45 So.2d 116 (1950)
CARLSON et ux.
v.
BECKER et al.
Supreme Court of Florida, Division A.
March 10, 1950.
Fogle, Kirtley, Connelly & Fordham, Miami, for appellants.
H.V. Whitehurst, Miami, for appellees.
ROBERTS, Judge.
This appeal brings for review a deficiency decree entered by the court below in a mortgage foreclosure suit.
After a final decree in plaintiffs' favor was entered, the mortgaged property was sold at public auction for the sum of $630, and the Special Master found a deficiency due and owing to plaintiffs in the amount of $5,246.23. The plaintiffs were not the purchasers at the Special Master's Sale.
Thereafter, the Chancellor entered a deficiency decree in which he found that $5,246.23 remained due and owing to plaintiffs, but that they were entitled to a deficiency decree in the amount of $1,000, only. The Chancellor did not assign a reason for awarding the plaintiffs a sum less than that actually due and owing to them.
While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a "sound judicial discretion," which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 573, 135 So. 795; Taylor v. Prine, 101 Fla. 967, 132 So. 464.
We are of the opinion that the record in this case fails to show sufficient facts and circumstances to justify the Chancellor *117 in awarding to plaintiffs a lesser amount than that found to be due and owing to them.
The cause is, therefore, remanded, with directions to the Chancellor to modify the deficiency decree in accordance with the opinion herein.
The request for additional attorney's fees is denied.
ADAMS, C.J., TERRELL and THOMAS, JJ., concur.