53 So.2d 641 (1951)
SCHENEMAN
v.
BARNETT et ux.
Supreme Court of Florida, Division B.
April 6, 1951.
Walter J. Migoski, Miami, for appellant.
Benjamin E. Carey, Miami, for appellees.
PER CURIAM.
This appeal is from that portion of an order entered in a suit to foreclose a chattel mortgage, denying plaintiff a deficiency decree for the amount remaining due and owing to him after foreclosure sale.
Under the provisions of Section 702.06, Florida Statutes 1949, F.S.A., the entry of a deficiency decree "for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court". This is not an absolute and unbridled discretion, but one which must be supported by established equitable principles as applied to the facts of the particular case, and the exercise of which is reviewable by this court. Carlson et ux., v. Becker, Fla., 45 So.2d 116; Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 573, 135 So. 795; Taylor v. Prine, 101 Fla. 967, 132 So. 464.
While the decree of the court below comes to us with a presumption of validity, the equitable considerations justifying a refusal to grant any portion of the deficiency should be made clearly to appear in the record for the reason that, once the jurisdiction of the equity court is invoked to determine this question, its *642 decision thereon is final (but subject, of course, to review on appeal), and the matter then becomes res adjudicata. Coffrin v. Sayles, 128 Fla. 622, 175 So. 236; Reid v. Miami Studio Properties, 139 Fla. 246, 190 So. 505; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50, 54.
In the instant case, we think the ends of justice would be best subserved by re-opening the case for the taking of additional testimony on the question of the denial vel non of a deficiency decree.
Accordingly, the order denying a deficiency decree is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded with directions.
SEBRING, C.J., and CHAPMAN, ADAMS and ROBERTS, JJ., concur.