100 So.2d 434 (1958)
Julia M. KISSLING, Appellant,
v.
Patrick J. McCARTHY and Faye McCarthy, his wife, Appellees.
No. 57-283.
District Court of Appeal of Florida. Third District.
February 11, 1958.
*435 George H. Henry and Edward A. Odekirk, Miami, for appellant.
Samuel Steen, Hialeah, for appellees.
CARROLL, CHAS., Chief Judge.
The appeal in this case is from an order of the Circuit Court of Dade County denying a motion for a deficiency decree.
Appellant was the seller and appellees were the purchasers under a contract for the sale of certain real estate. Alleging that the purchasers had breached the contract, the seller sued for and was granted a decree for specific performance.
The final decree made provision for a public sale of the property if the purchasers should fail to make the required payment, and reserved jurisdiction for further necessary and proper orders, including confirmation of sale and for deficiency decree, providing definitely as to the latter that the court "shall decree the execution of any portion of the purchase price as set forth in the aforesaid deposit receipt which is not satisfied by the aforementioned sale." The purchasers failed to comply with the decree ordering the payment of the purchase price, and a sale was held under the decree, leaving a deficiency of $3,862.45.
A motion by the seller which sought a decree or enforceable judgment for the deficiency sum was denied by the chancellor. It is this last mentioned order which is the subject of the present appeal, and the question to be determined is whether that action of the chancellor is supportable on the record or was an abuse of discretion.
It should be noted that the order appealed from was a post-final-decree order. Being interlocutory in nature, it was reviewable at the time of this appeal by writ of certiorari. Section 59.02(3), Fla. Stat., F.S.A.; Connolly v. Connolly, Fla. 1956, 86 So.2d 167; Scheuermann v. Shamas, Fla.App. 1957, 97 So.2d 314. However, in accordance with section 59.45, Fla. Stat., F.S.A., the notice of appeal will be treated as a petition for certiorari. See Smehyl v. Hammond, Fla. 1950, 44 So.2d 678; Scheuermann v. Shamas, supra.
The power of a court of equity to award a deficiency decree, for the amount over and above the proceeds of a public sale in a suit for specific performance, such as the one here, was recognized in Clements v. Leonard, Fla. 1954, 70 So.2d 840.
In the Clements case, the Supreme Court pointed out that the exercise of the power rests in the sound judicial discretion of the chancellor, saying (70 So.2d at page 845):
"The rule applicable in suits for specific performance, on the basis of the principles outlined herein, is that a personal decree may be rendered against the purchaser, and if such a decree is not satisfied by the vendee in accordance with its terms a sale of the property may be had, and the proceeds of the sale applied on the sum found by the decree to be due. Although circumstances in any given case may justify the limitation of the scope of relief to be afforded in a specific performance proceeding, Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392, and cases cited, the court may, in the exercise of its sound discretion, authorize the collection of the unpaid balance by execution on other leviable assets of the vendee, * * *"
*436 Where recovery of additional sums would be considered "inequitable and more than the [original vendor] could, in a court of equity, in good conscience demand," a refusal to grant a deficiency decree would not be an abuse of discretion on the part of the chancellor. McCaskill Co. v. Dekle, 88 Fla. 285, 102 So. 252; Clements v. Leonard, supra.
A like situation prevails in suits for foreclosure of mortgages, where authority to grant deficiency decrees "within the sound judicial discretion of the court," is provided for by statute, Section 702.06, Fla. Stat., F.S.A. But, as pointed out in Carlson v. Becker, Fla. 1950, 45 So.2d 116, the denial of a deficiency decree in a mortgage foreclosure suit must be supported by equitable considerations justifying the refusal to grant it. In that case, the Supreme Court said:
"While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a `sound judicial discretion,' which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 573, 135 So. 795; Taylor v. Prine, 101 Fla. 967, 132 So. 464."
In cases involving denials of deficiency decrees in mortgage foreclosure suits, the Supreme Court has held that a refusal to grant a deficiency decree will be reversed unless the record discloses facts and circumstances creating equitable considerations upon which the court could properly deny the deficiency decree in exercise of its discretion. Thus, in Carlson v. Becker, supra, in reversing a circuit court's denial of a deficiency decree, the Supreme Court said:
"We are of the opinion that the record in this case fails to show sufficient facts and circumstances to justify the Chancellor in awarding to plaintiffs a lesser amount than that found to be due and owing to them."
Also, in Scheneman v. Barnett, Fla. 1951, 53 So.2d 641, presenting a similar situation, the Supreme Court said:
"While the decree of the court below comes to us with a presumption of validity, the equitable considerations justifying a refusal to grant any portion of the deficiency should be made clearly to appear in the record for the reason that, once the jurisdiction of the equity court is invoked to determine this question, its decision thereon is final (but subject, of course, to review on appeal), and the matter then becomes res adjudicata. Coffrin v. Sayles, 128 Fla. 622, 175 So. 236; Reid v. Miami Studio Properties, 139 Fla. 246, 190 So. 505; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50, 54."
In the instant case, if there were any such equitable considerations presented, they are not disclosed, and the result is that the record fails to show sufficient facts and circumstances to justify the chancellor's refusal to award the deficiency decree.
On the other hand, the fact that there may have been equitable considerations properly motivating the actions of the court, though undisclosed on the record, furnishes reason for this court not to direct the entry of a deficiency decree. Following the procedure applied by the Supreme Court in a similar situation in Scheneman v. Barnett, supra, we hold that the ends of justice would be best subserved by remanding the case with directions for the taking of additional testimony on the question of the denial vel non of the deficiency judgment sought.
Accordingly, treating the notice of appeal as a petition for certiorari, the prayer of the petition is granted, the portion of *437 the order sought to be reversed is quashed, and the cause is remanded for further proceedings consistent herewith.
Certiorari granted, with directions.
HORTON and PEARSON, JJ., concur.