CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in a mortgage foreclosure action has appealed from an order entered by the Circuit Court for Duval County denying his motion for a deficiency judgment.
The sole question presented for our determination in this appeal is whether the said court erred in entering the said order denying the mentioned motion.
The facts established in the record pertinent to our consideration of this question are as follows:
The plaintiff had purchased the mortgage in question from his father and mother for $1,500 plus back taxes, but this was not an “arms length” transaction, but was rather a gift from his parents, who were nearly eighty years old, and who were making distributions of gifts to the plaintiff and his brother.
The final judgment of foreclosure was entered in the amount of $4,999.13, including attorney’s fees. The subject property was sold at a foreclosure sale to the plaintiff who made the highest bid ($500). The plaintiff had been trying to secure a purchaser for the property, and the highest offer he had received at the time of the hearing on the deficiency judgment was $1,000. An appraisal by an expert was made before the said hearing, and he estimated the fair market value to be $2,650 and testified that the value of the property in the area had decreased since the mortgage was made.
In a commendable effort to be fair in this situation, the plaintiff thus states his basic contention on appeal in his appellate brief:
“Although the amount of the sale was $500.00 it is not the contention of the Appellant that he should receive the difference between the amount due and the amount the property sold for at the foreclosure sale. On the contrary, the Appellant recognizes that the bid price at the foreclosure sale is not a true indication of the value of the property and for that reason secured an independent appraisal which placed the value of the property at $2,650.00. If anything, this appraisal was somewhat high since the highest offer the Appellant was able to get in his efforts to sell the property was a $1,000.00 offer from a client of one of the Appellee’s attorney’s. The difference between the amount due the Appellant and the highest appraisal offered into evidence would be at least $2,575.00 and a deficiency judgment should have been entered accordingly.” (Reference to record deleted.)
*900 We think that the plaintiff’s above basic contention is both fair and in harmony with the rule established in Florida.
The controlling principle was recognized by the Supreme Court of Florida in Carlson v. Becker, 45 So.2d 116 (Fla.1950), which court held:
“While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a ‘sound judicial discretion,’ which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 573, 135 So. 795; Taylor v. Prine, 101 Fla. 967, 132 So. 464.
“We are of the opinion that the record in this case fails to show sufficient facts and circumstances to justify the Chancellor in awarding to plaintiffs a lesser amount than that found to be due and owing to them.”
The foregoing rule has been recognized and applied by the Florida Appellate Courts in many subsequent cases, including Kurkjian v. Fish Carburetor Corporation, 145 So.2d 523 (Fla.App.1962), Cooper Construction Company v. Fulton, 187 So.2d 379 (Fla.App.1966), and many others.
For example, in the Kurkjian case, supra, we reversed an order denying a deficiency decree on the ground that the chancellor’s decision must be supported by “established equitable principles based upon proven facts contained in the record.”
We find in the record before us insufficient proven facts requiring the application of “establishing equitable principles” requiring the denial of the motion for a deficiency judgment.
Therefore, the order appealed from herein must be, and it is, reversed, and the cause is remanded with directions to grant the plaintiff’s motion for a deficiency judgment in accordance with the plaintiff’s basic contention in this appeal, as quoted above.
Reversed and remanded with directions.
RAWLS, J., and MASON, ERNEST E„ Associate Judge, concur.