STATE OF FLORIDA, *ex rel.* N. M. REDDICK v. L. L. LEE, as City Manager of the City of Miami, Florida, *et al.*

4 So. (2nd) 336
Special Division A
Opinion Filed October 24, 1941
Rehearing Denied November 5, 1941

310

*John G. Simms,* for Appellant;

*J. W. Watson, Jr.,* for Appellees.

TERRELL, J.—Appellant was employed by the City of Miami November 7, 1938, as a fireman subject to be placed in the classified service. He was laid off June 30, 1939, and has not since been reemployed. He seeks by mandamus to require the City to restore him and pay him compensation for the time he was laid off. On final hearing on the return to the alternative writ, the trial court found for the City and dismissed the cause. Writ of error was prosecuted.

Appellant contends that Sections Twenty-five and Sixty-five of the City Charter provide that employees in the classified service cannot be discharged without having been first furnished with written notice of the reasons therefor and given reasonable time to answer such reasons and that his discharge was not so affected.

Appellant's contention would settle the question if he brought himself within the rule covered by the provisions of the Charter relied on. It appears that the rules and regulations of the Civil Service Board of the City require that employees in the classified service a probationary period of twelve months before their employment becomes secure and that during this period they may be discharged or demoted without a hearing and trial. In other words, Sections

25 and 65 of the City Charter do not become effective until the probationary period is completed.

The trial court found and the record shows that appellant had been employed a little less than six months when he was laid off on the recommendation of the Director of Public Safety. The regulations of the Civil Service Board were adopted pursuant to legal authority; they are shown to be reasonable and regular and appellant accepted employment pursuant to them. Not having completed his probationary period he is not in a position to complain.

The judgment is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.