PATTERSON, Associate Justice.
Appellee, a Fireman First Class in the classified service of the City of Miami, seeks- by these proceedings to establish his right to participate in a promotional examination for eligibility for promotion to Fire Lieutenant, his next higher rank in the Miami Fire Department. The final declaratory decree of the Court below declared appellee eligible. The decree also declared that at the time of said examination appellee had completed his probationary period in his present rank and had thus earned permanent status as a Fireman First Class. From such final decree the Appellant, City of Miami, has appealed.
The classified service of the City of Miami is controlled and regulated by rules and regulations of a Civil Service Board, created by the City’s charter, and such rules and regulations have the force and effect of law. State ex rel. Reddick v. Lee, 148 Fla. 309, 4 So.2d 336. Such rules and regulations require that to be eligible to take such an examination, an applicant must have completed two years continuous satisfactory service in the next lower grade to that to which promotion is sought. Applicant was first employed as *685 a fireman on August 30, 1947, and promoted to the rank of Fireman First Class on February 1, 1951. On February 28, 1951 appellee was granted military leave of absence and served in the armed forces until December 6, 1952, when he was reinstated in his former rank of Fireman First Class. The promotional examination was held on July 30, 1953, and by stipulation appellee was allowed to participate subject to a judicial determination of his right to do so.
It thus appears that appellee’s right to participate in the examination turns squarely on the single question whether, under any governing rule or regulation of the Civil Service Board or any applicable ordinance or resolution of the City of Miami, appellee is entitled to be credited with the time spent in the armed forces toward the two year service requirement for such eligibility. The two year requirement is found in Rule XII, Sec. 6, as follows:
“Section 6. Fire Promotions: Employees of the Fire Division, Department of Public Safety, engaged in fire prevention work in the protection of life and property by combatting, extinguishing, and preventing fires, shall be considered eligible to take a promotional examination after completion of two years of continuous satisfactory service in the lower rank, following certification to that position by the Civil Service Board.”
Such regulation has been subsequently amended in immaterial respects.
It'is first contended by appellee that a liberal public policy of preference to veterans requires that the term “service” as used in the regulation be construed to include service performed in the armed services under military leave of absence, and that such term is not to be limited or restricted to service in the Fire Department of the City of Miami. We are cited to Yates v. Rezeau, Fla., 62 So.2d 726 for an expression by this Court of such liberal policy with reference to Veterans and the reasons for such policy, which reasons include a recognition of the value of the training and experience afforded by such service as well as a deserved reward for those who have so served. We have no intention to depart from the. views there expressed. However, that case had under consideration a veteran’s preference statute. The regulation under consideration here is not a veteran’s preference act, but a regulation promulgated by the Civil Service Board in discharge of its duties relating directly to the public safety. Certainly, if in the view of the Board, the duties and responsibilities of Fire Lieutenant can be adequately discharged only by one having specialized experience and training in the field of urban fire protection, then it is within sound reason that it should provide such specialized experience as a prerequisite to eligibility for such position. When, as here, the regulation provides that an applicant for such position, in addition to such other qualifications as it shall prescribe, shall have had “two years satisfactory service in the lower rank,” we think the conclusion is inescapable that such regulation intends to provide a stated length of specialized experience in the performance .of the duties of the next lower rank in the Fire Department of the City of Miami. Holding- such view of the specific purpose and intention of the rule, we are not at liberty to give it the enlarged construction urged by appellee.
It is next contended that the right to take the examination in question is a civil service right of the appellee" protected by resolution of the City Council of the City of Miami, No. 16366, passed on August 8, 1940, as amended on March 24, 1943 by Resolution No. 18115. Such resolutions, insofar as applicable here, provide:
“Sec. 1. That whenever a City employee of the City of Miami, Florida, shall be duly inducted into the military service of the United States Government that he shall upon application to the Civil Service Board of the City of Miami, be given a leave of absence without pay from the service of the City of Miami, and no loss of Civil Service rights shall operate against him as a result thereof, * * *."
*686 Appellee’s contention is that upon his certification as a Fireman, First Class, his present rank, he thereby acquired & civil service right under. Rule XII to take the promotional examination for Fire Lieutenant two years thereafter, which right is lost to him contrary to the protection of the- resolution, unless his service in the armed forces during military leave of absence is' credited as service under the rule.
We think what we have said concerning the rule itself concludes this contention against the appelleé. Appellee’s eligibility for the promotional examination does not mature by passage of time alone but by the affirmative performance of satisfactory service in his present rank. Unless provision is made fo.r substitution of military service for such satisfactory service as a fireman, then the civil service right had not accrued in appellee’s case. A general provision by resolution against loss' of any’ civil service right cannot he extended to operate affirmatively to provide for the substitution of military service for the, specific experience provided in the regulation, We do not find that those having the discretion to do so have- made any such provision in any regulation, ordinance or resolution cited to us.
Having concluded that no applicable provision of law or. the. regulations of the Civil Service Board allow the substitution of appellee’s military service for the two years service requirement of Rule XII, we must next consider, in declaring appellee’s rights in the premises, whether his military service must be considered in reference to the completion of his Probationary status as a Fireman First Class thus giving him permanent status in that rank on the date of the promotional examination to Fire Lieutenant. It seems that the rules and regulations of the Civil Service Board of the City require that employees in the classified service must serve a probationary period of twelve months before their employment becomes secure and that during this period they may be discharged .or. demoted, as the case may be without a hearing or trial. State ex rel. Reddick v. Lee, supra. The decree appealed from declared appellee to have acquired permanent status in the rank of Fireman First Class by reason of his military service. From what we have said concerning allowance of his military service toward the requirement of Rule XII, we think the decree was in error in so holding.
The decree appealed from must therefore be reversed with directions to enter an appropriate decree declaring appellee’s rights in conformity with this opinion.
Reversed and remanded.
TERRELL, - Acting Chief Justice, and SEBRING and HOBSON, JJ., concur.