SEBRING, Justice.
This is an appeal from a summary final decree entered in the Circuit Court of Dade County against the plaintiff below upon his complaint for declaratory relief against the City of Miami.
According to the record upon which the final decree was based, the plaintiff Clarke received, áfter competitive examination, a probationary promotion to the civil service position of uniform lieutenant with the City of Miami Police Department. After serving in this position for about seven weeks, he was notified by the. Inspector of Police that he had béen demoted to his former status as a Relief Sergeant; the reason assigned for the demotion being as follows: “Demotion in view of this man’s past performance and record; we feel that he is not the right material for promotion to Police Lieutenant.”
After receiving notice ..of his demotion the .plaintiff brought the present .suit in which he prayed that the court determine that the demotion was invalid and that an order be entered decreeing and restoring him to the rank of Police Lieutenant.
The City of Miami filed its answer in which it admitted ’that it had demoted the plaintiff and that its action in this regard had been taken pursuant to a civil service rule which reads as follows:
“Section 4. Probationary Appointment : (a) The term ‘Probationary Employee’ is defined to mean * * * an employee .who is in the .classified service but who has been prompted to a higher classified position and who has not completed the probationary period provided in [subsection c] hereof.
“(c) No appointment or promotion in the classification of policeman * * shall be deemed complete until a probation of twelve (12) months shall have elapsed from the date of such appointment or promotion.
“(d) Said probationary employee may be * * * reduced in rank at any time prior to the expiration of the probationary period upon receipt by said probationary' employee of a letter of * * * reduction in rank from the Director of the Department, approved by the City Manager * * *. The Director of the Department, if he so desires, may explain the reasons for his actions to * * * the employee * * * but the lack of such explanation, giving reasons for the * * * *219 demotion, shall not affect the * * * reduction in rank of the said probationary employee.”
Upon a consideration of the pleadings, including the above rule, which the parties have • stipulated is the rule applicable to the “reducing in rank of probationary employees of the defendant city,” the trial court granted the defendant’s motion for summary-decree, and this appeal followed.
In our opinion every question raised by the plaintiff on this appeal has been settled contrary to his contentions by State ex rel. Reddick v. Lee, 148 Fla. 309, 4 So.2d 336, involving the Civil Service Rules of the City of Miami, in which it is stated: “The regulations of the Civil Service Board were adopted pursuant to legal authority; they are shown to be reasonable and regular and appellant accepted [probationary promotion] pursuant to them. Not having completed his probationary period he is not in a position to complain.” See also Huttoe v. City of Miami, Fla., 46 So.2d 896.
The decree appealed from should be affirmed.
It is so ordered.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.