THOMAS, Justice.
On 20 June 1940 the appellee was granted a divorce from the appellant and was awarded the custody of the three sons of the parties. It was decreed, in accordance with the stipulation of the litigants, that the appellee should receive no alimony,- but the appellant was ordered to pay to her the sum of $75 each month until “all of the said children have- reached their majority.”
Almost fifteen years later the appellant petitioned the court for a modification of the final decree representing that in 1944 the periodic payments had been reduced to $50 monthly, one of the sons having become of age, and that meanwhile another son had also reached his majority. The youngest son, according to the petition, had enlisted in the navy for a period of two years, was receiving from the government food, housing, clothing, medical care and compensation of $200 a month, and at the conclusion of his enlistment would be twenty-one and entitled to five years’ schooling at the expense of tire government.
The petitioner prayed relief from any further payments. The chancellor denied the petition.
The appellant filed a notice of appeal which because of the provisions of Section 59.45, Florida Statutes 1953, and F.S.A., we will consider a petition for cer-tiorari, inasmuch as the order attacked was entered subsequent to the final decree, Section 59.02(2) and (3), Florida Statutes 1953, and F.S.A.
The appellant argues that by the very terms of the decree the allotment was made for the “support of the children” and that, *168 clearly, the appellee is no longer put to any expense for the purpose so the reason for the award has ceased.
The argument is forceful but it lacks support in the record. It is based solely on representations in the unsworn petition for modification without regard for the recital in the chancellor’s order. He stated that he had “read and considered the * * * petition” and had “heard the sworn testimony of the plaintiff [appellee] and her witness * * No record of this testimony is brought to us and, as we construe the order, no testimony was introduced by the defendant, appellant, which could have been brought.
Under the rule relative to certio-rari the petition “shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential.” Supreme Court Rule No. 22, 30 F.S.A. It was the appellant’s duty to exhibit to this court a transcript of the testimony to which the chancellor referred. For aught this court knows the allegations of the petition were disproved. One challenging in this court the correctness of a chancellor’s ruling is bound to show error and this cannot be accomplished if we are not shown the record on which the decision was founded.
The matter is resolved into the question whether or not we may upset the ruling of a chancellor based on testimony of which we are ignorant by accepting at face value the unverified averments of a petition. We think not. Such procedure would be opposed to our numerous decisions on the subject. Cohen v. Cohen, Fla., 70 So.2d 362.
The petition for certiorari is denied.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.