THORNAL, Justice.
Appellants Houk and Pesce, who were defendants below in an eminent domain proceeding, seek reversal of an order of the trial judge refusing to allow them a fee for the services of their attorneys incident to a prior appeal of the cause in which appellants were successful.
We originally considered the notice of appeal as a petition for writ of certiorari pursuant to the provisions of Section 59.45, Florida Statutes, F.S.A. We did this on the theory that the order submitted for review was a post-final judgment order interlocutory in nature.
The cause was first considered without oral argument and in the absence of a brief in behalf of the appellee. Upon our original consideration of the matter we filed an opinion under date of September 18, 1957. The appellee filed a petition for rehearing. Rehearing was granted because on original consideration we did not have before us certain precedents later mentioned by ap-pellee and further out of consideration for the fact that an ultimate decision would establish a precedent governing the expenditures of public funds.
Upon the filing of briefs and presentation of oral arguments on rehearing we are now compelled to the conclusion that there is a fatal jurisdictional defect in the appelláte proceeding now here. An examination of the transcript of record filed in this court reveals that the order of the trial judge submitted to us for review was filed November 7, 1956 and recorded November 8, 1956. The notice of appeal was filed January 8, 1957 and recorded January 10, 1957.
Section 73.14, Florida Statutes, F.S.A., which is the statute governing appeals from final judgments in eminent domain proceedings requires that no appeal be entered after thirty days from the rendition of the judgment. Assuming, but not now deciding, that this statute would not govern the filing of a petition for certiorari from an order interlocutory in nature and that with reference to certiorari the petitioner should be allowed 60 days from the date of *273 the order under review (31 F.S.A. Rule 22 Supreme Court Rules, adopted July 19, 1954), the notice filed in this case was still beyond the time allowed for assaulting the order under attack. Bearing in mind that we are considering this notice as a petition for certiorari and referring again to our former Rule 22, supra, it will be observed that the petition shall be filed in this court “within 60 days from the date of the proceeding, order, judgment or decree sought to be reviewed.”
Here the order sought to be reviewed is dated and filed November 7, 1956. The notice of appeal was filed in the Circuit Court January 8, 1957. Obviously the notice was filed more than 60 days from the date and filing of the order submitted for review. It was, therefore, filed too late to lay the jurisdictional foundation for consideration of the merits of the cause by this court. The proceeding will, therefore, have to be dismissed ex mero motu. Regrettably we will not be able to dispose of the matter on its merits.
For the guidance of those who might examine this opinion as a precedent we emphasize that the instant matter is governed by the rules of practice of this court adopted July 19, 1954 and effective March 15, 1955. Appellate proceedings subsequent to July 1, 1957, are governed by the Florida Appellate Rules adopted June 18, 1957 and effective July 1, 1957. See Rules 1.3, 3.2 and 4.5(c), Florida Appellate Rules.
For the foregoing reasons our opinion filed September 18, 1957, is hereby withdrawn, held for nought and shall not be considered as a precedent.
The appeal is hereby dismissed ex mero motu because of the lack of any jurisdictional foundation therefor. See Donin v. Goss, Fla.1954, 69 So.2d 316, and Counne v. Saffan, Fla.1956, 87 So.2d 586.
Appeal dismissed.
TERRELL, C. J., HOBSON and O’CON-NELL, JJ., and WIGGINTON, District Judge, concur.