PER CURIAM.
The opinion in this cause was filed on March 10, 1960, 119 So.2d 78. Thereafter, upon appellees’ petition to the Supreme Court of Florida for a writ of certiorari the opinion was considered by the Supreme Court and the writ discharged with an opinion filed November 23, 1960, 127 So.2d 112. Thereafter, upon petition for constitutional writ in aid of jurisdiction or, in the alternative, for the entry of a decree in accordance with the mandate, we granted the constitutional writ but denied the petition for decree in accordance with the mandate on March 16, 1961, as will appear in the report in 132 So.2d 341, in which, by clarification of our earlier opinion we designated the order to be made under the mandate,, saying: “We are not persuaded that the-chancellor has refused to follow or will not readily comply with the mandate of this court, as the same has been clarified herein; and for that reason, the petition for this court to enter such decree as should have been given by the trial court under section 59.34, Fla.Stat., F.S.A., or otherwise-as authorized under section 35.08, Fla.Stat.,. F.S.A., is denied without prejudice.”
This cause is again before us upon a petition for a decree in accordance with the-mandate, from which petition it appears-that on a subsequent application of appellant for an order in accordance with the-mandate, the trial judge refused to enter said order. In view of the disagreement of the trial judge with the correctness of the former opinion of this court and the opinion of the Supreme Court of Florida, and the trial court’s reluctance, if not actual refusal, to carry out the mandate of this court, as clarified and defined in this-court’s order of March 16, 1961, we have concluded to exercise our power under section 59.34, Fla.Stat., F.S.A., and enter the-judgment which the lower court should have entered. See Wright v. Board of Public Instruction, Fla. 1958, 100 So.2d 403, 406.
Accordingly it is
Ordered that the order denying plaintiff’s motion for an order on the mandate- and postponing consideration of the cause is quashed.
It is further ordered, adjudged and decreed that George J. Sullivan, as administrator of the Estate of Mary E. Sutton Sullivan, deceased, is the owner of the-joint account in the name of Mary E. Sutton and Selena M. Poster, in the Chase-Federal Savings and Loan Association, a Florida corporation. The defendant, Chase-Federal Savings and Loan Association, a Florida corporation, is hereby ordered to-pay the proceeds of said account, together with accumulated earnings thereon, to- *345 George J. Sullivan, as administrator C.T.A. of the estate of Mary E. Sutton Sullivan, deceased.
This court retains jurisdiction of this cause for the purpose of making such other and further orders as may be necessary or proper to carry into effect the mandate in this cause and for the enforcement hereof.
It is so ordered.
HORTON, C. J., and PEARSON, TILLMAN, and CARROLL, JJ., concur.