SMITH, Judge.
In an opinion reported in 144 So.2d 104, this court affirmed a final judgment awarding just compensation after jury verdict. On September 26, 1962, this court issued its mandate to the trial court. On November 16, 1962, the appellees, Betty and Carl C. Von Paulsen, filed their motion in this cause, praying that this court quash the trial court’s order entered subsequent to the mandate, contending that the court below failed to enter the order as required *271 by our mandate, in that the order did not require the payment of interest on a net fixed sum of money which was set forth in the final judgment.
In considering the motion, we are immediately confronted with a procedural and jurisdictional question which requires a review of the proceedings of the cause to this point. Appellant, Florida Power Corporation, filed its petition seeking to condemn a right-of-way over certain lands owned by the appellees. Upon the entry of an order of taking, the petitioner deposited into the registry of the court, on May 6, 1960, the sum of $33,344.00 as directed in that order. Pursuant to the verdict of the jury, the court entered final judgment, awarding compensation and attorneys’ fees substantially in excess of the amount deposited pursuant to the order of taking. The final judgment then required the petitioner to deposit an additional sum into the registry of the court, which additional sum was the amount that the judgment exceeded the deposit made pursuant to the order of taking. The judgment further required the petitioner to also deposit interest on the amount of such excess, computed (at the rate of 6% per annum) from the date of the deposit of the initial amount made pursuant to the order of taking, to the date when the additional sum would be deposited into the registry of the court. This additional sum, with the interest so computed, was deposited into the registry of the court by the petitioner. Thus, it may be seen that at this point the petitioner had deposited into the registry of the court all of the sums of money to which the defendants were each entitled in order to satisfy and pay them in full the just compensation, plus attorneys’ fees and costs, as determined by the court. These funds were paid into the registry of the court for the use of these defendants, as required by § 73.13, Florida Statutes, F.S.A. The allowance of interest on the sum awarded as just compensation, computed on the part thereof which exceeded the deposit made into the registry of the court, was pursuant to § 74.06, Florida Statutes, F.S.A.
While the total funds thus paid into the registry of the court for the use of the defendants remained on deposit, the petitioner filed its notice of appeal to this court. Neither the petitioner’s assignments of error, nor the defendant Von Paulsens’ cross assignments of error raised any question concerning interest as determined in the final judgment. Upon motion of the petitioner, the court granted supersedeas, and the petitioner gave bond “conditioned to satisfy the judgment or any modification not increasing the amount thereof in full, including costs, interest or damages for delay in the event the appeal be dismissed or the judgment affirmed.” We affirmed the judgment.
The Von Paulsens then petitioned the trial court for the disbursement of the compensation awarded according to the judgment, contending that they were entitled to interest on the full amount of the judgment from the date of the entry of the judgment to the date of the hearing on the order directing disbursement. The court ordered disbursement to the Von Paulsens from the registry of the court of the sum of $5,639.25, that being the full amount determined to be due them. This amount constituted the full amount of the judgment, plus the sum of $500.00 allowed by this court as attorneys’ fees for the Von Paulsens. However, the court denied that part of the Von Paulsens’ motion seeking interest on the amount of the judgment from the date of its entry.
At this point, it should be noted that the motion before the trial court was not a motion for enforcement of liability of a surety on a supersedeas bond as contemplated by Florida Appellate Rule 5.11, 31 F.S.A., so that question is not before th/s court. Furthermore, prior to considering the merits of this matter (that is, whether or not the court should have required the petitioner to pay to the defendants, Von *272 Paulsens, interest on the amount of the judgment), we must determine whether or not we can entertain the motion to quash the order entered after mandate. This is the primary issue before the court.
The appellees Von Paulsen take the position that the motion to quash is properly before this court because the motion was filed during the same term that the decision and mandate of this court were rendered. Appellees contend that this court retains jurisdiction over its decisions and mandates during the entire period of that term, citing Chapman v. St. Stephens Protestant Episcopal Church, 1932, 105 Fla. 683, 136 So. 238, 138 So. 630, 139 So. 188, 145 So. 757, 84 A.L.R. 566. We note, however, that in the instant case, the appellate court is not requested to recall its mandate for the purpose of correcting its own error, as was the situation in the Chapman decision cited. Furthermore, this is not an instance in which the trial court has refused to proceed as directed by this court’s mandate, as in Petition of Vermeulen, Fla.App. 1960, 122 So.2d 318; nor is it a case where the trial court misconceived the intent of the mandate and failed, after ample opportunity, to carry out the mandate of this court, as was the case in Sullivan v. Chase Federal Savings and Loan Association, Fla.App. 1961, 132 So.2d 341, and 132 So.2d 343.
The decision of this court affirming the final judgment did not in any way deal with the question, now raised, of payment of interest on the judgment from the time of its entry, and therefore, our decision and mandate in no way involved that issue. We conclude that the order directing disbursement of the funds, sought to be reviewed here by motion to quash the order as not in accordance with the mandate of this court, was not controlled by our decision and mandate. Under the circumstances, our jurisdiction does not continue.
We treat the motion to quash as an independent appellate proceeding, commenced at the time of the filing of the motion. Prior to July 1, 1962, the effective date of the last amendment to Florida Appellate Rule 4.2(a), such an order was reviewable only by certiorari. Houk v. Dade County, Fla.1957, 97 So.2d 272; Connolly v. Connolly, Fla.1956, 86 So.2d 167; Kissling v. McCarthy, Fla.App.1958, 100 So.2d 434. Subsequent to that date, such an order is reviewable only by interlocutory appeal pursuant to that rule. Florida Appellate Rule 4.2(a), as amended, governs, and the motion does not comply with that rule. Therefore, the motion must be denied. An appropriate order will be entered.
KANNER, Acting C. J., and WHITE, J., concur.