## BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY v. CIVIL SERVICE BOARD OF DUVAL COUNTY.

No. 63-831-L.

Circuit Court, Duval County.

September 27, 1963.

McCarthy, Adams & Foote, Jacksonville, for plaintiff.

John S. Cox and Walter G. Arnold, both of Jacksonville, for defendant.

TYRIE A. BOYER, Circuit Judge.

This cause was heard on a petition for writ of certiorari to the several persons constituting the civil service board of Duval County. That board will be hereafter referred to as "the civil service board", or as "respondent". The petitioner is the board of public instruction of Duval County, which will hereinafter be referred to as "the board of instruction" or as "petitioner". The civil service board has moved to dismiss or quash the petition for writ of certiorari.

The factual background of the case is simple. On August 1, 1961, James D. Smith, hereinafter referred to as Smith, was employed by the board of instruction, and had been so employed for a period in excess of one year, as a journeyman electrician. On that date he was promoted in the board of instruction's maintenance department to electrician leaderman. On January 25, 1962, he was removed by the board of instruction as an electrician leaderman and demoted to his former position, to-wit: journeyman electrician. On February 1, 1962, the supervisor of maintenance of the board of instruction notified the civil service board, by letter, of the demotion; giving certain reasons therefor. On February 28, 1963, at the conclusion of hearings held by the civil service board, "in connection with the investigation by the civil service board into the propriety" of the demotion, the civil service board disapproved the demotion and ordered the board of instruction to reinstate him as leaderman electrician and to pay him any loss or diminution of salary sustained during the period of demotion.

The board of instruction petitioned for writ of certiorari, alleging that the civil service board had exceeded its statutory authority.

In its initial brief, the petitioner considers three points. Phrasing said points as queries, they are as follows —

(1) Does the circuit court have jurisdiction to review the orders of the civil service board on petition for writ of certiorari?

(2) Does the civil service board have authority to hold hearings regarding the dismissal or demotion of employees within the six month probationary period?

(3) Does the civil service board have authority to require reinstatement of a demoted employee, who was demoted from a promoted position within the six month probationary period?

The respondent concedes the jurisdiction of the circuit court to review the orders of the civil service board on a petition for writ of certiorari, therefore no discussion of the first point is necessary.

As to the second point, unnumbered paragraph 3 of section 11 of chapter 22263, Special Acts of 1943, which chapter will hereinafter be referred to as the Civil Service Act, provides in part as follows — "Any person dismissed during the probationary period of six months shall not be entitled to a hearing before the civil service board".

Petitioner contends that the civil service board exceeded its authority in granting a hearing to Smith, who was demoted during the probationary period. The civil service board contends that no "hearing" was granted, but that it, of its own volition, pursuant to the authority of sections 4 (b) and 15 of the Civil Service Act, conducted an "investigation" which of necessity required audiences with various individuals but which was not a "hearing" within the contemplation of section 11. In a case of this nature it would be difficult if not impossible to draw a distinction between a "hearing" and an "investigation". In any event the record of the proceedings before the civil service board does not appear in the record before this court and without that record it is impossible to determine the nature of the proceeding before that board, to-wit: whether it was a "hearing" or an "investigation". (Connolly v. Connolly, S.C. Fla., 86 So.2d 167.) In any event, the point becomes moot because of this court's decision regarding the third point.

Passing on now to the third point, which is the primary point for consideration. The respondent, in its brief, has phrased it thusly —

"Does the civil service law give to the civil service board of Duval County the right to promulgate and enforce a rule requiring good faith on the part of an appointing authority in demoting an employee who has been promoted pursuant to promotional examination and certification, but who has not completed the prescribed six month probationary period in the promoted position?"

First, it must be pointed out that, as stated above, the transcript of the entire proceeding before the civil service board is not before this court, therefore this court is not in a position to review the finding of the civil service board that the board of instruction did not, in fact, act in good faith in demoting Smith. The issue is, therefore, further narrowed to a determination as to whether the civil service board had authority to inquire into the good faith of the appointing authority (in this instance, the

board of instruction) in demoting Smith. The civil service board is a creature of statute and its authority is limited by that statute. (State v. Atlantic Coast Line Railroad, 56 Fla. 617, 47 So. 969, 32 L.R.A. (N.S.) 639; State ex rel. Burr v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474.)

Section 11 of the Civil Service Act provides in part as follows —

To enable the appointing authority to exercise a choice in the filling of positions no appointment, employment, or promotion in any position in the classified service shall be deemed complete until after the expiration of a period of six months' probationary service, during which the appointing authority may terminate the employment of any persons certified and appointed, if during the performance test thus afforded, upon observation or consideration of the performance of duty the appointing authority deems him unfit or unsatisfactory for service in his or its department.***

Section 18 of the Civil Service Act provides in part as follows —

Immediate report in writing shall be given the board by the appointing authority of all appointments, reinstatements, vacancies, absences, or other matters affecting the status or position of the performance of duties of officers or employees classified under the provisions of this act. ***

Petitioner places a great deal of emphasis upon the first clause of that portion of section 11 above quoted, to-wit: "To enable the appointing authority to exercise a choice in the filling of positions."

It is interesting to note that the civil service board, upon promulgating and adopting its rules and regulations, adopted as section 1 of rule 14 the portion of section 11 of the Civil Service Act above quoted, verbatim, except for the omission of the clause above quoted upon which the petitioner places such emphasis.

Sections 3, 4 and 5 of rule 14 adopted by the civil service board also tracks verbatim the language of portions of section 11 of the Civil Service Act. Said sections 3, 4 and 5 are as follows —

Section 3. If within the probationary period the appointing authority shall terminate the employment of the person appointed from the reemployment list, certified to him, the appointing authority shall then select another person from said certified list for the class to which the vacant position has been allocated. If there is no appropriate reemployment list, the board shall, after excluding the name of the person whose employment has been terminated, certify the names of not more than five persons standing highest on the appropriate employment list, established for the class or from the appropriate employment list held for such class. As each subsequent vacancy occurs, precisely the same procedure shall be followed until some person is found who is deemed fit for appointment, employment, or promotion by the appointing authority and who shall have occupied the position for the probationary period therefor, whereupon the appointment, employment, or promotion shall be deemed to be complete.

Section 4. Provided that whenever a position in the classified service is filled by promotion and the services of the person promoted are terminated by the appointing authority during the probationary period, such person shall forthwith be returned to duty to the former position held by him in the classified service.

Section 5. Any person dismissed during the probationary period of six months shall not be entitled to a hearing before the civil service board.

The rule pursuant to which the civil service board took its action and therefore the rule giving rise to this controversy is section 8 of rule 17, which is as follows —

Whenever an employee is promoted, his promotion shall be deemed as probationary for a period of six months during which period if he or she fails to perform the duties in a satisfactory manner the appointing authority may furnish the civil service board with the notice that the employee is unsatisfactory, *giving reasons, and if the civil service board finds the action is contemplated in good faith, it shall approve of the demotion of the employee* and he or she shall be returned to the position which he or she formerly had. The employee whose name appears next on the appropriate promotional eligible list shall forthwith be promoted. (Italics added.)

It is the italicized portion of the rule which petitioner finds to be offensive. The ultimate question to be determined is whether that portion finds authority in the act. This court finds that it does not. It is true that a rule or regulation of an administrative board is deemed prima facie reasonable and valid, but that prima facie character is overcome upon it being made to appear that the rule or regulation is clearly contrary to, or exceeds, the provisions of the act by which the administrative board is created.

A statute must, if possible, be read and interpreted in such a manner to give effect to every provision thereof. To interpret the act as allowing the offending rule adopted by the civil service board in the promulgating and adopting of section 1, of rule 14 of its rules and regulations, to-wit: of ignoring the first fourteen words of the third unnumbered paragraph of section 11 of the act. These words, to-wit: *"To enable the appointing authority to exercise a choice in the filling of positions"* were obviously intended by the legislature to confer upon the appointing authority some choice or discretion in the filling of positions, rather than to require the appointing authority to appoint the person making the highest grade and certified by the civil service board. This intention becomes abundantly clear when the entire paragraph is read. After making provision for employment lists, etc., the act provides —

" * * * As each subsequent vacancy occurs precisely the same procedure shall be followed *until some person is found who is deemed fit for appointment, employment or promotion by the appointing authority* * * * ". (Italics added.)

The act also provides, after designating a probationary period of six months —

" * * * during which the appointing authority may terminate the employment of any person certified and appointed if during the performance test thus afforded upon observation *or* consideration of the performance of duty the *appointing authority deems him unfit or unsatisfactory for service in his or its department. * * * ".* (§11, Civil Service Act) (Italics added.)

The act makes no distinction, so far as the probationary period is concerned, between initial employment and promotion.

This court does not here determine whether or not the appointing authority can discharge or demote an employee before the expiration of the probationary period without cause, to-wit: in bad faith — but only that the civil service board has no authority to make such determination. Lest it be urged by respondent that this holding deprives a remedy for a wrong, I hasten to point out that the duly constituted courts of this state are always open for the wronged to seek redress, if wrong there has been. (See Clarke v. City of Miami, S.C. Fla., 81 So.2d 217.)

It is therefore, ordered, adjudged and decreed that — (1) The respondent's motion to dismiss or to quash petition for writ of certiorari is denied. (2) The petition for writ of certiorari is granted and the order of the Duval County Civil Service Board dated March 8, 1963, directing the Duval County Board of Public Instruction, inter alia, to place James D. Smith back in the position of leaderman electrician is quashed; and this cause is remanded to the Civil Service Board of Duval County for further proceedings and orders not inconsistent herewith.