STURGIS, Chief Judge.
The Civil Service Board of Duval County, Florida, hereinafter referred to as “Civil Service Board,” and James D. Smith, hereinafter called “Smith,” an employee of the Board of Public Instruction of Duval County, Florida, hereinafter called “School Board,” bring this appeal to review an order of the Circuit Court of Duval County quashing an order of the Civil Service Board which directed the School Board to reinstate Smith' to the position of Electrician Leaderman.
The School Board had demoted Smith to his former position of Journeyman Electrician on the ground that his services as Electrician Leaderman were unsatisfactory for the following reasons, viz.: (1) That Smith resided at Jacksonville Beach, Florida, and the leaderman of the electric department should be more centrally located to enable him to make emergency calls; (2) that leadermen were instructed to make emergency calls during each work day and to allocate time-consuming jobs to the other journeymen and that had not been done in the electrical department; (3) that Smith lacked the leadership ability essential to producing the maximum work in the electrical department; (4) that on an examination given by the Civil Service Board on February 1, 1961, one-half point separated Smith and another applicant for the position of Electrician Leaderman and it was the opinion of the supervisor of maintenance of the electrical department that the other person, a Mr. Pickard, was more experienced and better qualified for the position.
The School Board informed the Civil Service Board of said demotion and thereupon the Civil Service Board of its own motion conducted what it describes as an “investigation” into said action. This investigation was made pursuant to a rule promulgated by the Civil Service Board under what it asserts to be authority vested in it by Chapter 22263, Laws of Florida, Sp.Acts 1943, creating the board. The Civil Service Board thereupon entered an order disapproving of said action of the School Board in demoting Smith, holding that said action of the School Board was not contemplated or accomplished in good faith as provided for by the rules and regulations of the Civil Service Board, and requiring the School Board to restore Smith to the position of Electrician Leaderman and to pay him any loss or diminution in salary resulting from the termination of his employment as Electrician Leaderman.
The School Board’s petition for writ of certiorari was based primarily on the ground that Smith was lawfully demoted from the promoted position of Electrician Leaderman within the recognized probationary period of six months from the date of the promotion, and that under such circumstances the Civil Service Board did not have authority to require the School Board to reinstate him. The order of the circuit court granting certiorari and quashing the order of the Civil Service Board, from which this appeal is taken, sustained the position and action of the School Board.
Appellants insist (1) that the School' Board did not sustain the burden of showing error on the part of the Civil Service Board, and (2) that the Civil Service Board had lawful authority to promulgate and enforce a rule requiring good faith on the part of the School Board in demoting Smith from the position of Electrician Leaderman which was assumed by him pursuant to a promotional examination and certificate-thereon issued by the Civil Service Board,, but who had not completed a six-month probationary period prescribed by a rule of the-Civil Service Board when the School Board took said action demoting him to his former position.
The facts are not in dispute. On August 1, 1961, Smith had been in the employ of the *670 School Board as a Journeyman Electrician for a period in excess of one year. On that date he was promoted in the School Board’s maintenance department to the position of Electrician Leaderman. On January 25, 1962, for the reasons hereinabove stated, he was removed from that position and demoted to his former position, which action was communicated to the Civil Service Board on February 1, 1962. The investigation and order of the Civil Service Board followed and thereupon the. School Board brought certiorari in the circuit court to review same. The power of the circuit court to review by certiorari the orders of the Civil Service Board is not in dispute.
The Civil Service Board derives its authority under Chapter 22263, Laws of Florida, Sp.Acts of 1943, Section 11 of which provides in part:
“Any person dismissed during the probationary period of six (6) months shall not be entitled to a hearing before the Civil Service Board.”
The School Board contended in the circuit court that the Civil Service Board exceeded its authority in granting a hearing to Smith, who was demoted during said probationary period. The Civil Service Board contended that no “hearing” was granted, but that of its own volition and pursuant to Sections 4(b) and 15 of the Civil Service Act it conducted an “investigation” into the demotion, which of necessity required audiences with various individuals but was not a “hearing” within the meaning of the above quoted provision of Section 11 of the act.
The order appealed cogently points out that in a case of this nature it would be difficult if not impossible to draw a distinction between a “hearing” and an “investigation.” The record of the proceedings before the Civil Service Board was not a part of the record before the circuit court and it was therefore impossible to specifically determine the nature of the proceeding before that board. See Connolly v. Connolly, 86 So.2d 167 (Fla.1956). The circuit court correctly held that in view of its decision upon the matter next discussed, the question of whether or not the Civil Service Board held a “hearing” or an “investigation” was of no consequence.
The order appealed reveals that because of the absence of a transcript of the entire proceeding before the Civil Service Board, the circuit court was not in a position to review the Civil Service Board’s finding to the effect that the School Board did not in fact act in good faith in demoting Smith; and the circuit court thereupon correctly narrowed its inquiry to a determination of whether the Civil Service Board had lawful authority to inquire into the good faith of the appointing authority (in this instance the School Board) in demoting Smith. In resolving that question the order appealed reads:
“The Civil Service Board is a creature of statute and its authority is limited by that statute. (State vs. Atlantic Coast Line Railroad, 56 Fla. 617, 47 So. 969, 32 L.R.A.,N.S., 639; State ex rel Burr vs. Jacksonville Terminal Company, 71 Fla. 295, 71 So. 474).
“Section 11 of the Civil Service Act provides in part as follows:
“ ‘To enable the appointing authority to exercise a choice in the filling of positions no appointment, employment, or promotion in any position in the classified service shall be deemed complete until after the expiration of a period of six (6) months’ probationary service, during which the appointing authority may terminate the employment of any persons certified and appointed, if during the performance test thus afforded, upon observation or consideration of the performance of -duty the appointing authority deems him unfit or unsatisfactory for service in his or its department. * * * ’
*671 “Section 18 of the Civil Service Act provides in part as follows:
“ ‘Immediate report in writing shall he given the Board by the appointing authority of all appointments, reinstatements, vacancies, absences, or other matters affecting the status or position of the performance of duties of officers or employees classified under the provisions of this act. * * * ’
“Petitioner places a great deal of emphasis upon the first clause of that portion of Section 11 above quoted, to-wit: ‘To enable the appointing authority to exercise a choice in the filling of positions.’
“It is interesting to note that the Civil Service Board, upon promulgating and adopting its rules and regulations, adopted as Section 1 of Rule 14 the portion of Section 11 of the Civil Service Act above quoted, verbatim, except for the omission of the clause above quoted upon which the Petitioner bases such emphasis.
“Sections 3, 4 and 5 of Rule 14 adopted by the Civil Service Board also tracks verbatim the language of portions of Section 11 of the Civil Service Act. Said Sections 3, 4 and 5 are as follows:
“ ‘Section 3. If within the probationary period the appointing authority shall terminate the employment of the person appointed from the reemployment list, certified to him, the appointing authority shall then select another person from said certified list for the class to which the vacant position has been allocated. If there is no appropriate reemployment list, the Board shall, after excluding the name of the person whose employment has been terminated, certify the names of not more than five persons standing highest on the appropriate employment list, established for the class or from the appropriate employment list held for such class. As each subsequent vacancy occurs, precisely the same procedure shall be followed until some person is found who is deemed fit for appointment, employment, or promotion by the appointing authority and who shall have occupied the position for the probationary period therefor, whereupon the appointment, employment, or promotion shall be deemed to be complete.
“ ‘Section 4. Provided that whenever a position in the classified service is filled by promotion and the services of the person promoted are terminated by the appointing authority during the probationary period, such person shall forthwith be returned to duty to the former position held by him in the classified service.
“ ‘Section 5. Any person dismissed during the probationary period of six months shall not be entitled to a hearing before the Civil Service Board.’
“The rule pursuant to which the Civil Service Board took its action and therefore the rule giving rise to this controversy is Section 8 of Rule 17, which is as follows:
“ ‘Whenever an employee is promoted, his promotion shall be deemed as probationary for a period of six months during which period if he or she fails to perform the duties in a satisfactory manner the appointing authority may furnish the Civil Service Board with the notice that the employee is unsatisfactory, giving reasons, and if the Civil Service Board finds the action is contemplated in good faith, it shall approve of the demotion of *672 the employee and he or she shall be returned to the position which he or she formerly had. The employee whose name appears next on the appropriate promotional eligible list shall forthwith be promoted.’ (Underlining added)
“It is the underlined portion of the rule which petitioner [School Board] finds to be offensive. The ultimate question to be determined is whether that portion finds authority in the act. This Court finds that it does not. It is true that a rule or regulation of an administrative board is deemed prima facie reasonable and valid, but that prima facie character is overcome upon it being made to appear that the rule or regulation is clearly contrary to, or exceeds, the provisions of the act by which the administrative board is created.
“A statute must, if possible, be read and interpreted in such a manner to give effect to every provision thereof. To interpret the act as allowing the offending rule adopted by the Civil Service Board would have the effect of doing exactly what the Civil Service Board did in the promulgating and adopting of Section 1, of Rule 14 of its rules and regulations, to-wit: ■Of ignoring the first fourteen words of the third unnumbered paragraph of Section 11 of the Act: These words, to-wit: ‘To enable the appointing authority to exercise a choice in the filling of positions’ were obviously intended by the legislature to confer upon the appointing authority some choice or •discretion in the filling of positions, rather than to require the appointing authority to appoint the person making the highest grade and certified by the ■Civil Service Board. This intention becomes abundantly clear when the entire paragraph is read. After making provision for employment lists, etc., the act provides:
“ ‘ * * * As each subsequent vacancy occurs precisely the same procedure shall be followed until some person is found who is deemed fit for appointment, employment or promotion by the appointing authority * * * ’. (Underlining added) (§ 11, Civil Service Act)
“The act also provides, after designating a probationary period of six months:
“ ‘ * * * during which the appointing authority may terminate the employment of any person certified and appointed if during the performance test thus afforded upon observation or consideration of the performance of duty the appointing authority deems him unfit or unsatisfactory for service in his or its department. * * * ’. (§ 11, Civil Service Act) (Underlining added).
“The act makes no distinction, so far as the probationary period is concerned, between initial employment and promotion.
“This Court does not here determine whether or not the appointing authority can discharge or demote an employee before the expiration of the probationary period without cause, to-wit: In bad faith; but only that the Civil Service Board has no authority to make such determination. Lest it be urged by Respondent that this holding deprives a remedy for a wrong, I hasten to point out that the duly constituted courts of this State are always open for the wronged to seek redress, if wrong there has been. (See Clarke vs. the City of Miami, S.C.Fla., 81 So.2d 217.)”
*673 We concur in the quoted conclusion of the learned trial judge, and so the order appealed is
Affirmed.
RAWLS, J., and WILLIS, BEN C., Associate Judge, concur.