PER CURIAM.
The appellant-husband appeals the finanical provisions of a judgment of dissolution of marriage. The appellee-wife has cross-appealed urging the inadequacy of certain allowances. We have reviewed the record in the light of the briefs and find that the special equity allowed to the wife upon the husband’s net worth of approximately $800,000 is supported by the principle set forth in Yandell v. Yandell, Fla.1949, 39 So.2d 554. See Green v. Green, Fla.App.1969, 228 So.2d 112.
The husband’s other points directed to the presumed method of calculation of the amount of the special equity, the allowance of child support, and the allowance of a special attorney’s fee of $500, are not shown to be an abuse of the judicial discretion of the trial court in such matters. See King v. King, Fla.App.1973, 271 So.2d 159.
The wife’s cross-assignment of error directed to the entry of a remittitur which reduced the special equity from $267,000 to $255,000, and her cross-assignments directed to the failure to make additional allowances for medical fees, attorney’s fees and costs, fail to show such an abuse of discretion as would justify this court to reevaluate the rights of the parties.
Affirmed.