OPINION AND ORDER ON APPEL-LEE’S MOTION FOR ORDER IN COMPLIANCE WITH MANDATE
PER CURIAM.
Our mandate on an appeal by the husband from the financial provisions of a judgment of dissolution of marriage was issued on July 23, 1973. We affirmed upon the husband’s appeal and upon the wife’s cross-assignments of error. See Lang v. Lang, Fla.App. 1973, 280 So.2d 11. Thereafter, possibly because of the complexity of the financial arrangements, the *722 retirement of one circuit judge, 'the substitution of his successor, and the subsequent reassignment of the retired judge to the court, considerable difficulty was experienced by the parties in securing an order in compliance with the mandate. The trial judge on January 25, 1974 entered an order which he believed to be in compliance with the mandate.
The appellee-wife, believing that the order did not comply with the mandate, filed in this court her “Motion for Order in Compliance with Mandate and for attorneys’ fees”. The appellant-husband filed a response to the motion. This court set the motion for oral argument and provided for the filing of briefs. After argument and examination of the briefs and the record, together with the exhibits filed, we hold that the trial court has not substantially complied with the final judgment in this cause which upon affirmance by this court became the judgment of this court.
On account of the difficulties previously experienced by the parties in the circuit court and because we think that it will expedite an end to the litigation, we have determined to enter the order on mandate which the circuit court should have entered. See Wright v. Board of Public Instruction, Fla.1957, 100 So.2d 403, 406; Sullivan v. Chase Federal Savings and Loan Association, Fla.App.1961, 132 So.2d 343.
Accordingly, it is
Ordered that the order of the trial court entitled “Post Appeal Order” and dated January 25, 1974 is quashed.
It is further ordered
1. The respondent-wife was entitled to lump sum payment on May 9, 1972 of $255,000.00. She is now entitled to that amount less credits to the husband hereafter set forth.
2. The respondent-wife is entitled to interest on the lump sum award from May 9, 1972 through July 26, 1973 at 6% or $18,569.59.
3. The respondent-wife is entitled to interest upon the balance unpaid of the award from July 26, 1973 through March 25, 1974 at 6% or $3,565.48.
4. The petitioner-husband is entitled to credits on the total amount being the sum of 1, 2, and 3 above, as follows:
(a) $165,000.00 paid by surrender of certificate of deposit,
(b) $1,031.00 excess interest paid to wife from certificate of deposit,
(c) $17,396.00 proceeds from sale of stock,
(d) $7,419.00 temporary alimony and support paid during the pendency of the appeal but not provided in the final judgment.
5. That there was due to the respondent-wife as of March 25, 1974 for a balance of the lump sum payment a balance of principal and interest of $86,289.07.
6. The respondent-wife is entitled to interest upon the balance unpaid of the award, to wit, $90,000.00 from March 25, 1974 to the date of payment at 6%.
7. The wife has been entitled to payments of $100.00 as child support since May 9, 1972. Appropriate provision will be made by the trial judge for the ascertainment of the balance due the wife and for the enforcement of the payment of the amount due.
8. The wife is entitled to the payment of a $1,000.00 attorney’s fee allowed by this court upon the appeal of the final judgment together with an attorney’s fee in the amount of $500 allowed to the wife upon this appeal. Appropriate provision will be made by the trial judge for the enforcement' of the payment of these amounts.
9. All provisions of the final judgment entered in this cause May 9, 1972 remain in full force and effect.
*723 10. The Circuit Court of the Eleventh Judicial Circuit shall enforce this mandate and upon the expiration of the period of three days for the filing of petitions for rehearing or upon the denial of properly filed petitions for rehearing, jurisdiction in this cause is remanded to the circuit court.
It is so ordered.