QUESTIONS: 1. Does the Department of State have the authority to determine whether or not a "nonprofit corporation, organization or association" is a consumer protection organization under s. 501.131, F.S.? 2. Does the Department of State have a statutory responsibility to make such determination? 3. Does the Department of State have the administrative authority to require a nonprofit corporation, organization, or association which is a consumer protection organization to register as such? 4. How is a consumer protection organization defined in terms of the criteria set forth in s. 501.131(1)(a), (b), and (c), F.S.? 5. Does the Department of State have authority to promulgate administrative rules and regulations regarding s. 501.131, F.S.?
SUMMARY: Under s. 501.131, F.S., the Department of State has the authority and a duty to register an organization the department feels falls within the definitional section of either paragraph (a), paragraph (b), or paragraph (c) of subsection 501.131(1) when such organization attempts to solicit funds for any purpose. However, the Department of State does not have any administrative or civil remedies to enforce the provisions of this section, nor does it have authority to promulgate rules and regulations in administering this section, and it should refer all violations of the statute (where unregistered consumer protection organizations solicit funds) to the local state attorney for criminal prosecution. In answer to your first, second, and fourth questions, it is my opinion that the Department of State does have authority to determine whether a nonprofit organization is a consumer protection organization, as long as the standards of subsection 501.131(1), F.S., are followed and the organization solicits funds to support its activities or for any other purposes. A consumer protection organization is defined as an organization whose purpose is: (a) The education of persons regarding unfair or unjust business practices; (b) The coordination of persons or organizations for the purpose of the enhancement of consumer buying power; (c) The promotion or preparation of legislation for the protection of Florida consumers. [Section 501.131(1), F.S.] It is unclear from reading the definitional section of the statute whether or not a consumer protection agency must contain all three criteria enumerated in paragraphs (a), (b), and (c) of subsection 501.131(1). However, the introductory paragraph of subsection (1) does state: ". . . a consumer protection organization shall be defined as every nonprofit corporation, organization, or association in the state which has as its purpose . . ." (Emphasis supplied.) Note that the term "purpose" is singular and not plural, indicating that if any of the elements of paragraph (a), paragraph (b), or paragraph (c) are present the organization would constitute a consumer protection agency. This would seem to be the logical explanation as the normal use of the phrase "consumer protection agency" would mean any one of the three purposes of paragraph (a), paragraph (b), or paragraph (c). Following these guidelines, the Department of State should review an organization's charter, its bylaws, or other documents or statements which describe its purposes and then determine if the organization is, in fact, a consumer protection agency. However, registration of the organization is required only when the organization solicits funds — for whatever purpose. Section 501.131(2), F.S. In response to questions 3 and 5 the Department of State has no administrative or rulemaking authority to require registration of a consumer protection organization, as s. 501.131, F.S., gives no administrative or civil remedies to the department. Florida Industrial Commission ex rel. Special Disability Fund v. National Trucking Co., et al., 107 So.2d 397 (1 D.C.A. Fla., 1958); Forehand v. Board of Public Instruction,166 So.2d 668 (1 D.C.A. Fla., 1964). The Department of State has no inherent rulemaking authority. See Chapter 74-310, Laws of Florida, s. 120.54(13), F.S. (1974 Supp.), effective January 1, 1975. However, this would not preclude the department from adopting and using forms and other registration documents to carry out its statutorily delegated functions under the section. Section 501.131(2), F.S. If an organization meeting the definitional requirements of subsection 501.131(1), F.S., attempts to solicit funds for any purpose without first registering with the Department of State, then a violation of the act may have occurred and the matter should be referred to the local state attorney for criminal prosecution under the penalty provisions of the statute. Section 501.131(6), F.S.