327 So.2d 837 (1976)
BETHLEHEM STEEL CORPORATION, Appellant,
v.
CENTEX HOMES CORPORATION, Appellee.
No. 75-934.
District Court of Appeal of Florida, Third District.
February 24, 1976.
*838 Parker D. Thompson & Sanford L. Bohrer, Paul & Thomson, Miami, for appellant.
Williams, Salomon, Kanner & Damian, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This is an interlocutory appeal by Bethlehem Steel Corporation, defendant in the trial court, from a partial summary judgment on liability in favor of Centex Homes Corporation, the plaintiff, in an action for damages for breach of contract.
Centex's complaint alleged that on or about April 8, 1974, the parties entered into a contract which provided that Bethlehem would furnish, fabricate and deliver steel to Centex at its job site on Miami Beach, for a specific price per unit, per ton. The complaint further alleged that Centex demanded performance, but Bethlehem failed and refused to perform and, therefore, Centex obtained the steel from another party at a higher price and thus suffered damages.
In defense of the action, Bethlehem asserted that in November of 1973, pursuant to discussions between Bethlehem's salesman, H.W. Major, and Ray Stevens, Vice-President of Construction for Centex, a proposal was transmitted from Bethlehem to Centex. Centex failed to accept within the specified time, but in January 1974, authorized Bethlehem by letter, "to proceed with shop drawings" on the project, with the actual supplying of the steel to be "subject to our receipt of a building permit." Centex later submitted a purchase order to Bethlehem at its home office in Pennsylvania for approval. Michael J. McCooey, Assistant Manager of Sales for Bethlehem, found the terms of Centex's purchase order unacceptable and did not intend to accept it because the price was unsatisfactory. McCooey mistakenly initialed the purchase order; the order erroneously "escaped" from his desk and was subsequently processed, approved and returned to Centex in Florida. Immediately upon discovery that the offer was accepted by mistake, Bethlehem so advised Centex and negotiations as to price and delivery schedule were renewed. Allegedly a new agreement was reached and based thereon, Bethlehem transmitted a new proposal to Centex which was not accepted by Centex. Centex then proceeded to purchase steel elsewhere, without demanding delivery of the needed steel from Bethlehem. At no time during the negotiations between the parties had Centex obtained a building permit.
Bethlehem urges reversal for the reasons that there was a unilateral mistake and further, that there was no contract between the parties. Centex argues that the trial court was correct in holding that Bethlehem breached the contract on the theory of anticipatory breach and the rule of law that once there has been an anticipatory breach, one is not thereafter required to demand compliance with the contract. Thus, when Bethlehem advised Centex that it would not perform on the terms set out in the contract, Centex was forced to obtain steel from another company at a price much greater than the Bethlehem contract price.
In our opinion, this case bristles with genuine issues of material fact. One question is whether there was a unilateral mistake on the part of Bethlehem. Under Florida law, equitable relief may be granted *839 on the basis of unilateral mistake[1] which presents triable issues such as whether or not the mistake goes to the substance of the contract or whether there was inexcusable neglect by Bethlehem and detrimental reliance by Centex. Another factual issue is whether or not there was a contract.
The existence of genuine issues of material fact preclude summary judgment in this case. Accordingly, the partial summary judgment on liability is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed.
NOTES
[1] Maryland Casualty Company v. Krasnek, Fla. 1965, 174 So.2d 541, 543.