PER CURIAM.
Lawrence Shupnick, appellant, here appeals a summary judgment entered for ap-pellee in a breach of contract action.
In 1967, Shupnick entered into an agreement with Pershing Auto Leasing (Pershing). This agreement provided that Pershing supply Shupnick with two new fully insured and serviced Cadillacs per year for his use during the term of the agreement.
Thereafter Pershing became a wholly owned subsidiary of Pershing Industries, Inc., which entered into an agreement on May 14, 1969 with Shupnick. At that time Shupnick signed a release with respect to the 1967 agreement in consideration of Pershing Industries, Inc. entry into the transfer agreement. Nevertheless, the 1969 agreement became the subject matter of ensuing litigation and was rescinded and held to be invalid by the Circuit Court, affirmed by this Court. See Pershing Industries, Inc. v. Shupnick, 325 So.2d 410 (Fla. 3d DCA 1976). Subsequently, Pershing, which had ceased to be a wholly owned subsidiary of Pershing Industries, Inc., failed to furnish Shupnick with the Cad-illacs pursuant to the 1967 agreement and Shupnick filed the present action for breach of this agreement. Following pretrial hearing, Shupnick moved for summary judg *199 ment. Pershing also filed a motion for summary judgment on the ground that Shupnick had executed in its favor a release with respect to this 1967 agreement, which is the subject of this suit. The Circuit Judge entered summary judgment for Pershing and Shupnick appeals therefrom. We reverse.
Even though the May, 1969 agreement was rescinded and held to be invalid (see Pershing, supra), there was a total failure of consideration for the release, justifying its rescission. See Diesel Heat & Power v. Dixon Marine Indus. Pow. Trans., 232 F.2d 217 (5th Cir. 1956). We therefore conclude that there remain genuine issues of material fact to be resolved with regard to the alleged breach of the 1967 agreement. See Bethlehem Steel Corp. v. Centex Homes Corporation, 327 So.2d 837 (Fla. 3d DCA 1976). Accordingly, the summary judgment is reversed and the cause is remanded to the Circuit Court for further proceedings.
Reversed and remanded.