PER CURIAM.
Lawrence Shupnick, plaintiff in the trial court, appeals a $7,200 judgment entered in his favor following a non-jury trial in this action for breach of contract.
In consideration of Shupnick’s efforts in obtaining for the defendant Pershing Auto Leasing (Pershing) the auto leasing concession at the then Four Ambassadors Hotel, Pershing executed a letter agreement on July 13, 1967, which provided inter alia that Pershing would furnish Shupnick the use of two new and fully insured and serviced Cadillacs a year for as long as Pershing maintained the auto leasing concession. Subsequently, Pershing became a wholly owned subsidiary of Pershing Industries, Inc. which on May 14, 1969 entered into a stock transfer agreement with Shupnick. In consideration of Pershing Industries’ execution of this agreement, Shupnick on July 7, 1969 executed a general release with respect to the 1967 letter agreement. Thereafter, difficulties between the parties arose over the May 1969 agreement and Shupnick filed suit to rescind this agreement. On November 5, 1974, a final judgment was entered rescinding the 1969 transfer agreement. The judgment was affirmed on appeal by this court which denied *1165 rehearing on February 11,1976. See Pershing Industries, Inc. v. Shupnick, 325 So.2d 410 (Fla.3d DCA 1976). Subsequent thereto Pershing, which ceased to be- a wholly owned subsidiary of Pershing Industries, Inc., was sued for breach of contract by Shupnick who alleged that since April 1973 Pershing failed to furnish him with the Cadillacs pursuant to the terms of the 1967 agreement. Pershing defended on the ground that Shupnick had executed a release in July 1969 with respect to the 1967 agreement. Both parties moved for summary judgment and the trial court entered judgment for Pershing. Shupnick appealed. This court reversed and held that the release was invalid because the May 1969 agreement which provided the consideration for the release was rescinded.[1] The cause was then remanded to the trial court which entered a partial summary judgment as to liability against Pershing for breach of the 1967 agreement for the period of time from February 11,1976 (the date that this court’s opinion affirming the judgment of rescission became final).[2] Following a non-jury trial, a final judgment for $7,200 was entered for Shupnick who perfected this appeal.
In his first two points on appeal, Shup-nick basically argues that the trial court erred in determining that he could recover damages from Pershing only from February 11,1976, the date this court’s affirmance of the judgment of rescission in Pershing Industries, Inc. v. Shupnick, supra, became final. We find this argument well taken.
The established law is that on af-firmance by the District Court of Appeal, a final judgment of the trial court becomes the judgment of the District Court of Appeal. Lang v. Lang, 293 So.2d 721 (Fla. 3d DCA 1974). In the case at bar, the court affirmed the judgment of rescission entered by the trial court on November 5, 1974, which then became the judgment of this court. Further, when the 1969 transfer agreement was rescinded on November 5, 1974, so was the release and at that time the 1967 agreement once again became viable and enforceable. We, therefore, find that the damages should be computed from November 5,1974, the date of the judgment of rescission.
Shupnick also argues that the court erred in permitting an officer of Pershing to testify about an alleged agreement between the parties as to the value of the Cadillacs.
This agreement was never produced and we conclude that such testimony was not admissible to vary the terms of the 1967 letter agreement which was the complete and total agreement between the parties. See O’Neal v. First Fed’l Savings and Loan Assoc., 328 So.2d 470 (Fla. 4th DCA 1976). Only evidence as to the value of two new and fully insured and serviced Cadillacs per year for the stated period is permissible.
Finally, Shupnick urges as reversible error the trial court’s failure to award interest.
The claim in the instant case being an unliquidated claim, we find no merit in this contention. See 18A Fla.Jur. Interest § 3 (1971) and cases cited therein. Furthermore, we note that Shupnick failed to request the trial court for an award of interest.
For the reasons cited, the $7,200 final judgment is reversed and the cause is remanded for a new trial on the issue of damages in accordance with the views expressed herein.
Reversed and remanded.

. Shupnick v. Pershing Auto Leasing, Inc., 363 So.2d 198 (Fla. 3d DCA 1978).

. See Pershing Industries, Inc. v. Shupnick, 325 So.2d 410 (Fla. 3d DCA 1976).